483 A.2d 916

**COMMONWEALTH of Pennsylvania**

v.

**John CRAWFORD, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 24, 1984.

Filed Oct. 26, 1984.

Kenneth R. Dixon, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before DEL SOLE, MONTEMURO and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the evidence was insufficient to support his convictions for aggravated assault, resisting arrest, and riot. We find the appellant's challenges to be without merit and, accordingly, affirm the judgment of sentence.

In connection with a December 12, 1981 disturbance outside a bar, appellant was arrested and charged with simple and aggravated assault, recklessly endangering another person, resisting arrest, hindering apprehension, riot, failure to disperse, disorderly conduct, and criminal conspiracy. Jury trial commenced on June 4, 1982, and on June 8 appellant was found guilty of disorderly conduct, failure to disperse, riot, resisting arrest, and three counts each of simple and aggravated assault; he was acquitted on the conspiracy charge.[1] Post-verdict motions were timely filed and denied.[2] On December 1, 1982, appellant was sentenced to a term of two-and-one-half-to-seven years imprisonment for riot, with all other sentences to run concurrently.[3] Appellant's petition for reconsideration was denied on January 6, 1983, prompting this appeal.

■ In determining whether the evidence is sufficient to support a conviction, we accept as true all the evidence, and

---

1. The hindering apprehension charge was *nolle prossed.* Demurrers were sustained to the charges of recklessly endangering another person and one count each of simple and aggravated assault.

2. Although appellant's post-verdict motions were of the so-called "boilerplate" variety, they were filed well before the effective date of *Commonwealth v. Holmes,* 315 Pa. Superior Ct. 256, 461 A.2d 1268 (1983), which held that counsel must specify in the motions why a verdict was against the weight of the evidence or in what respect the evidence was insufficient. Therefore, we will address appellant's sufficiency arguments.

3. Simple assault merged into aggravated assault for sentencing purposes, and the failure to disperse and disorderly conduct sentences were suspended.

the reasonable inferences therefrom, upon which the fact-finder could have based its verdict and then ask whether that evidence, viewed in a light most favorable to the Commonwealth, was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Pagan*, 315 Pa. Superior Ct. 7, 8, 461 A.2d 321, 322 (1983).

So viewed, the facts are as follows: In the early morning hours of December 12, 1981, Policeman Edward McBride observed a "large disturbance" involving twelve or more people in the 2800 block of Oxford Street, Philadelphia. The officer testified that one-half of the members of the group were screaming and hollering at the other half. He thereupon called for backup units and ordered the crowd to disperse. McBride left the scene briefly, but, upon his return, he saw appellant struggling with Officers Arthur Williams and Joseph Arrison. Williams had attempted to arrest appellant for disorderly conduct after appellant said to him, "Fuck you, you motherfuckers. I'm tired of your shit, too." When appellant asked Williams what he was doing, someone from behind grabbed Williams, and two others jumped Arrison. Appellant then turned about and punched Arrison in the eye. McBride came to the assistance of the other two officers, grabbed appellant, and pushed him into the front seat of a police van. Appellant bit McBride on the left hand while another (unidentified) person hit him on the head causing McBride to black out. A fourth policeman sustained some contusions and a sprained ankle when he tried to assist in appellant's arrest.

Appellant argues that the evidence was insufficient to support his convictions for aggravated assault and resisting arrest because his arrest for disorderly conduct was illegal. *See* 18 Pa.C.S.A. §§ 2702(a)(3) (lawful arrest is element of aggravated assault offense) and 5104 (lawful arrest is element of resisting arrest). The Commonwealth asserts, however, that probable cause existed to arrest appellant for disorderly conduct. "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: ... uses

634

obscene language, or makes an obscene gesture ...." *Id.* § 5503(a).

The crux of appellant's argument is that (1) the evidence of the obscenities shouted at Officer Williams was, standing alone, insufficient to support the crime of disorderly conduct, or (2) alternatively, should the evidence be found sufficient, appellant's First Amendment rights would be violated. This claim has already been thoroughly discussed and rejected elsewhere. *See Commonwealth v. Pringle,* 304 Pa. Superior Ct. 67, 450 A.2d 103 (1983). In *Pringle,* we stated: "[I]t is well-settled in our Commonwealth that one may be convicted of disorderly conduct for engaging in the activity of shouting profane names and insults at police officers on a public street while the officers attempt to carry out their lawful duties." *Id.,* 304 Pa.Superior Ct. at 71–72, 450 A.2d at 105–06. Here the police officers were lawfully dispersing an unruly crowd and were subjected to appellant's epithets. Such conduct would support an arrest for disorderly conduct. Accordingly, having found the arrest lawful, we hold that the evidence was sufficient to sustain his convictions for aggravated assault and resisting arrest.

Appellant next contends that the evidence was insufficient to support his conviction for riot because mere presence without proof of encouragement is not enough, citing *Commonwealth v. Reeves,* 255 Pa. Superior Ct. 409, 387 A.2d 877 (1978). "A person is guilty of riot, a felony of the third degree, if he participates with two or more others in a course of disorderly conduct: ... with intent to prevent or coerce official action ...." 18 Pa.C.S.A. § 5501(2). The essential element of a riot is group action. *Commonwealth v. McGavin,* 305 Pa.Superior Ct. 528, 532 n. 4, 451 A.2d 773, 775 n. 4 (1982). Here, we agree with the trial judge that group action was "manifested by the action of others in coming to the assistance of [appellant] during the arrest." (Lower Court Opinion at 5).

Furthermore, appellant's reliance on *Reeves* is misplaced. In that case, we did not hold that encouragement is a necessary element of a riot conviction, but held only that something more than mere presence *alone* is necessary. 255 Pa. Superior Ct. at 415, 387 A.2d at 881. In *Reeves*, the only evidence of the defendants' participation in a riot were pictures demonstrating their presence at the scene. "[T]here [was] no proof that [the defendants] either *engaged in or encouraged* the violence . . . ." *Id.* (emphasis added). Here, the Commonwealth produced evidence of appellant's violent participation, and, therefore, we find the evidence sufficient to support his conviction for riot.

Affirmed.