612 A.2d 1382

**COMMONWEALTH of Pennsylvania**

v.

**Melvin JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1992.

Filed Aug. 25, 1992.

James G. Gault, Carlisle, for appellant.

Alison Taylor, Asst. Dist. Atty., Carlisle, for Com.

Before CIRILLO, KELLY and CERCONE, JJ.

KELLY, Judge:

In this appeal we are called upon to determine whether common intent to commit or facilitate the commission of a felony or misdemeanor in the course of committing disorderly conduct is necessary to prove riot under 18 Pa.C.S.A. § 5501. We find that it is not and affirm.

The relevant facts and procedural history are as follows. On October 25 and 26, 1991, a riot broke out among the inmates at the State Correctional Institution at Camp Hill, Pennsylvania. After being informed that a riot was making its way toward the G–Block, Officer Keefer and two other officers locked themselves in a control room known as a

"switchbox" to protect themselves from the rampaging inmates. Within five minutes, the walls of the switchbox were the only barrier separating the guards from the angry inmates. The mob of inmates battered the door of the switchbox, used electric shocks, and used acetylene torches to remove the caged officers from their refuge. While breaking into the switchbox, the inmates repeatedly told the guards that the guards were going to be raped and beaten. Appellant told Officer Keefer during the holdout in the switchbox that he was going to kill him. N.T. 6/12/90 at 54.

Appellant and another of the inmates, Anthony Arthur, were tried jointly and convicted of riot and terroristic threats. Appellant filed timely post-trial motions which were denied on July 23, 1991. On February 11, 1992, appellant was sentenced to fourteen months to seven years imprisonment for the riot conviction and one to five years imprisonment for the terroristic threats conviction. The sentences were ordered to run concurrently. This timely appeal followed.

On appeal, appellant raises the following issues for our review:

1. GIVEN THE ESSENTIAL ELEMENT OF THE OFFENSE OF RIOT IS PARTICIPATION IN GROUP ACTION, WHETHER THE SEPARATE OFFENSE OF TERRORISTIC THREATS MAY BE INVOKED AS THE UNDERLYING "FELONY OR MISDEMEANOR" WITHIN WHICH THE PARTICIPANTS INTENDED TO COMMIT OR FACILITATE THE COMMISSION OF IN A COURSE OF DISORDERLY CONDUCT FOR PURPOSES OF A CONVICTION UNDER 18 Pa.C.S. § 5501(1)?

2. WHETHER THE PRE–TRIAL PUBLICITY GENERATED AS A RESULT OF THE EXTENSIVE MEDIA COVERAGE OF THE OCTOBER 1989 RIOTS AT THE STATE CORRECTIONAL INSTITUTE AT CAMP HILL, PENNSYLVANIA, SAME BEING ADMITTED BY THE COMMONWEALTH, WARRANTED A

CHANGE OF VENUE OR VENIRE GIVEN THE PRESUMPTIVELY PREJUDICIAL CIRCUMSTANCES PRESENTED IN THIS MATTER?

Appellant's Brief at 4.

 Appellant first contention is premised upon his assertion that to prove he was guilty of riot, the Commonwealth must prove not only that *he* intended to commit or facilitate the commission of a felony or misdemeanor, but also that two or more others with whom he committed disorderly conduct shared that intent as well. He reasons that the evidence established only that *he* intended to commit or facilitate the commission of terroristic threats and asserts that since such a crime is not accomplished by group action, the Commonwealth's evidence was insufficient to prove that he was guilty of riot. We cannot agree.

Our standard for reviewing sufficiency questions has recently been set forth as follows.

> In viewing the evidence, we remain mindful that credibility determinations were a matter solely for the fact finder below. *Commonwealth v. Murray,* 408 Pa.Super. 435, 440, 597 A.2d 111, 114 (1991) (*en banc*). On appeal, we must examine the evidence in the light most favorable to the Commonwealth drawing all reasonable inferences therefrom. *Commonwealth v. Bryant,* 524 Pa. 564, 567, 574 A.2d 590, 592 (1990); *Commonwealth v. Ables,* 404 Pa.Super. 169, 173–77, 590 A.2d 334, 336–37 (1991); *Commonwealth v. Rue,* 362 Pa.Super. 470, 476, 524 A.2d 973, 976 (1987); *Commonwealth v. Sanders,* 339 Pa.Super. 373, 378, 489 A.2d 207, 209 (1985); *Commonwealth v. Robinson,* 316 Pa.Super. 152, 155, 462 A.2d 840, 841 (1983); *Commonwealth v. Combs,* 298 Pa.Super. 527, 529, 445 A.2d 113, 114 (1982). If a jury could have reasonably determined from the evidence adduced that all of the necessary elements of the crime were established, then the evidence will be deemed sufficient to support the verdict.

*Commonwealth v. Berkowitz,* 415 Pa.Super. 505, 609 A.2d 1338 (No. 1602 Philadelphia 1990, slip opinion, filed 5/19/92).

It is well settled that when construing a statute, its words are to be given their plain and ordinary meaning. 1 Pa. C.S.A. § 1903(a); *Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982). The offense of riot is defined in § 5501(1) of the Pennsylvania Crimes Code:

§ 5501. **Riot**

A person is guilty of riot, a felony of the third degree, if he participates with two or more others in a course of disorderly conduct:

(1) with intent to commit or facilitate the commission of a felony or misdemeanor.

18 Pa.C.S.A. § 5501.

Contrary to appellant's position on appeal, we discern nothing in the above language which requires proof of common intent. The language regarding the intent necessary refers only to the actor himself. Thus, the proof of group action contemplated [1] is not the *common intent* to commit a felony or misdemeanor, but rather the actor's *participation* with two or more others in a course of disorderly conduct. Any other interpretation of this statute would require a strained reading of the words to say the least.

Moreover, brief review of persuasive authority supports this interpretation. The subcommittee that drafted the relevant Pennsylvania Standard Jury Instructions explained that:

The second element of subdivision (1) of the instruction is worded on the assumption that the intent or knowledge requirements of subsections (1) and (2) as well as (3) of Crimes Code § 5501 apply *only to the defendant* and that, (except in cases where such intent or knowledge by other persons may be implicit in the requirement of group disorderly conduct,) it is enough if the defendant alone

---

1. It has long been held that group action is the essence of riot. *Commonwealth v. Crawford,* 334 Pa.Super. 630, 483 A.2d 916 (1984); *Commonwealth v. McGavin,* 305 Pa.Super. 528, 451 A.2d 773 (1982).

has the requisite intent or knowledge, *compare Commonwealth v. Hayes,* [205 Pa.Super. 338, 209 A.2d 38 (1965)] (riot is a tumultuous disturbance of the peace by three or more persons *assembled and acting with a common intent,* either in executing a lawful private enterprise in a violent and turbulent manner to the terror of the people, or in executing an unlawful enterprise in a violent and turbulent manner) *with Commonwealth v. Abney* [195 Pa.Super. 317, 171 A.2d 595 (1961)] (assuming that a *common intent* is required for riot, it is only an intent to act in a violent and turbulent manner and such intent can be inferred from conduct; individual rioters may act for different reasons).[2]

Pa.S.S.J.I (Crim.) § 15.5501 (1975) (emphasis added and in original). We, therefore, agree with the trial court that there is no requirement in the statute that the felony or misdemeanor be one typically thought of as conducive to group action. The Commonwealth established that appellant *himself* had the intent to commit a misdemeanor, *i.e.* terroristic threats, while *participating* with two or more others in a course of disorderly conduct. No more was necessary to prove appellant was guilty of riot as defined by our legislature. This claim must, therefore, fail.

Appellant's second contention on appeal is that the widespread publicity of the riots tainted the local jury pool which warranted a change of venue or venire. Again, we disagree.

The standard of review for a denial of a motion for change of venue is whether there has been an abuse of discretion on the part of the trial judge. *Commonwealth v. Thomas,* 346 Pa.Super. 11, 498 A.2d 1345 (1985). In determining when pre-trial publicity is so inherently prejudicial as to require a change of venue, the court should consider

2. We note that although the common law embraces a "common intent" for riot, common law crimes have been abolished in Pennsylvania and the common law definition of riot is inapplicable to the question before us today. *See Commonwealth v. Leet,* 401 Pa.Super. 490, 585 A.2d 1033 (1991), *allocatur granted,* 529 Pa. 647, 602 A.2d 857 (1992).

whether the pre-trial publicity was factual and objective or inflammatory and slanted; whether the pre-trial publicity revealed the existence of the accused's prior criminal record; whether it referred to confessions, admissions or reenactments of the crime by the defendants; and whether the information is the product of reports by the police and prosecutorial officers. *Commonwealth v. Casper*, 481 Pa. 143, 392 A.2d 287 (1978). If the elements of prejudicial publicity are present and it is found to have saturated the community, it then must be determined whether there has been a sufficient "cooling off" period between the publicity and the trial. *Commonwealth v. Romeri*, 504 Pa. 124, 470 A.2d 498 (1983).

After a careful review of the publicity, we find that it was not prejudicial in that it never specifically mentioned appellant. Although pervasive, the pre-trial publicity was factual and objective and did not consist of prejudicial, inflammatory reporting. Appellant's argument that the media coverage of the riot was presumptively prejudicial because of its implication that the defendant had a criminal record is meritless. Whether or not members of the jury had learned of appellant's criminal record outside of court, the Commonwealth would necessarily have made them aware of it at trial simply by adducing the underlying facts of this case. It mattered not, therefore, where or before what jury the trial was held. The "presumptive prejudice" to which appellant refers was unavoidable in the facts of this case, and therefore, not a valid basis to require a change of venue. The trial court did not abuse its discretion in determining that a change of venue was unnecessary.

Judgment of sentence affirmed.