661 A.2d 414

**P & F INDUSTRIES, INC., Appellant,**

v.

**PENNSYLVANIA INSURANCE GUARANTY ASSOCIATION.**

Superior Court of Pennsylvania.

Argued April 19, 1995.

Filed July 17, 1995.

Gabriel D. Cieri, Philadelphia, for appellant.

Lise Luborsky, Philadelphia, for appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order dated August 15, 1994, granting summary judgment in favor of appellee, Pennsylvania Insurance Guaranty Association ["PIGA"]. Appellant, P & F Industries, Inc., ["P & F"], raises the following issues for our review.

1. WHETHER A CONTRIBUTION PAYMENT BY AN INSURED ON BEHALF OF ITS INSOLVENT INSURER TO EFFECT SETTLEMENT OF AN ACKNOWLEDGED "COVERED CLAIM" DEPRIVES THE INSURED OF ANY BENEFIT UNDER THE PENNSYL-

VANIA INSURANCE GUARANTY ASSOCIATION ACT, 40 P.S. § 1701.101 *ET SEQ.*?

2. WHETHER THE ACTIONS OF PIGA IN DIRECTING P & F TO EXHAUST ALL SOURCES OF RECOVERY AGAINST ANY OUT OF STATE GUARANTY ASSOCIATION WITH RESPECT TO THE MISSION POLICY AND AFTER COMPLYING WITH THIS DIRECTIVE, DENYING THE CLAIM, IS A VIOLATION OF P & F'S DUE PROCESS RIGHTS UNDER THE CONSTITUTIONS OF THE UNITED STATES OF AMERICA AND THE COMMONWEALTH OF PENNSYLVANIA?

Appellant's brief at 3. For the following reasons, we affirm.

On April 2, 1980, Barry Richmond, a Pennsylvania resident, filed a complaint in the Philadelphia Court of Common Pleas, averring that on June 28, 1978, he sustained severe injuries when he slipped and fell on the deck of an above-ground swimming pool. P & F, a New York corporation, was joined as the successor in interest of the manufacturer of the swimming pool and deck in question.

At the time of the accident, P & F was insured by Mission Insurance Company ["Mission"], a California company. However, while the Richmond case was pending, Mission was declared insolvent. On the eve of trial, the Richmond case settled for $1,600,000.00, and P & F contributed $200,000.00 on behalf of Mission to expedite the settlement.

P & F then filed a claim in New York to recover the $200,000.00 it had paid in the Richmond case on behalf of Mission, but some time in 1989, the New York Guaranty Association rejected P & F's claim and forwarded the claim to PIGA. On August 15, 1990, PIGA refused P & F's claim. Consequently, P & F filed a complaint against PIGA on April 24, 1991, to recover the $200,000.00. PIGA then filed a motion for summary judgment on May 27, 1994, asserting that P & F does not have a "covered claim" as defined by 40 P.S. § 1701.103(5)(a). The Honorable Norman Ackerman granted summary judgment on August 15, 1994 and this timely appeal followed.

P & F first argues that PIGA's actions in denying its claim constituted a due process violation. However, as P & F failed to raise this claim before the trial court, it is waived. Pa. R.A.P. 302(a).

P & F next argues that the trial judge erred in granting summary judgment. Specifically, P & F asserts that it is entitled to reimbursement for the monies it expended on Mission's behalf in settling the Richmond lawsuit. We disagree.

Initially, we note that our scope of review of a grant of summary judgment is plenary. *Briggs v. Erie Insurance Group*, 406 Pa.Super. 560, 594 A.2d 761 (1991). The legal issue before us is whether PIGA has an obligation to P & F under the Pennsylvania Insurance Guaranty Association Act ["the act"].[1] The act provides that where there is a "covered claim," PIGA takes the place of the insolvent insurer, with all of that insurer's rights, duties and obligations. *Donegal Mutual Insurance Company v. Long*, 528 Pa. 295, 597 A.2d 1124 (1991). A covered claim is defined as:

"Covered claim" means an **unpaid claim** ... which arises under a property and casualty insurance policy of an insolvent insurer and is:

(i) The claim of a person who at the time of the insured event resulting in loss or liability was a **resident of the Commonwealth**....

40 P.S. § 1701.103(5)(a) (emphasis added).

Here, it is undisputed that P & F is a New York resident, not a Pennsylvania resident. P & F, however, argues that

1. We note that 40 P.S. § 1701.101–1701.605 were repealed and replaced by 40 P.S. § 991.1801 *et seq.* by P.L. 1005, No. 137, § 1, December 12, 1994, effective February 10, 1995. Under 1 Pa.C.S. § 1926 a presumption exists against construing statutes retroactively unless the legislature clearly and manifestly intends that construction. *See also McMahon v. McMahon*, 417 Pa.Super. 592, 601, 612 A.2d 1360, 1364 (1992) (where statute addresses substantive rights, retroactive application is disfavored). The new statute does not provide for retroactive application. Therefore, as the trial court decided the summary judgment motion prior to February 10, 1995, 40 P.S. § 1701.101 *et seq.* is controlling.

because Mr. Richmond, the injured party in the underlying claim, was a Pennsylvania resident at the time of the accident, the claim should be considered covered. Although this issue, whether a non-resident company may use the residence of its underlying claimants to satisfy the residency requirement under 40 P.S. § 1701.103(5)(a)(i), has not been specifically addressed by our court, we find the reasoning of the Third Circuit, in *T & N v. Pennsylvania Insurance Guaranty Association*, 44 F.3d 174 (3rd Cir.1994), persuasive. In *T & N*, the court explained:

> The purpose of the Act is clearly to protect *Pennsylvania* residents. If the underlying Pennsylvania residents can proceed against PIGA to recover for their losses, their rights are protected; they will not suffer any harm from the insured's inability to pay them.... The district court's analysis [allowing coverage,] does not provide the underlying Pennsylvania claimants with any additional protection. Rather, it merely allows a non-resident to make a claim against the Act. Such a result violates the intent of the Act which is to protect Pennsylvania residents. While it is unfortunate that [the company whose insurance company became insolvent] apparently does not have a guaranty association which it can approach for relief, this does not affect Pennsylvania and PIGA should not be forced to pay [the company's] claim based on this reason alone.

*T & N*, 44 F.3d at 180. Here, no benefit would inure to Mr. Richmond, the Pennsylvania resident, by forcing PIGA to pay P & F. The reasoning as set forth in *T & N*, combined with the plain language of the act, dictates that coverage should not be provided to this non-resident company. *See Commonwealth v. Johnson*, 417 Pa.Super. 636, 612 A.2d 1382 (1992) (when construing statute, its words are to be given their plain and ordinary meaning). *Cf. Hill v. Divecchio*, 425 Pa.Super. 355, 625 A.2d 642 (1993) (when words of statute are unambiguous, they are not to be disregarded under pretext of pursuing spirit of statute), *appeal denied*, 538 Pa. 613, 645 A.2d 1316 (1994).

284

Accordingly, for the above reasons we affirm.

Affirmed.