## Commonwealth v. Dalton

C.P. of Berks County, no. 1095-03.

*David Golberg* and *Dennis Skayhan, assistant district attorneys,* for appellee.

*James M. Polyak, trial counsel* and *Andrea E. Mertz, assistant public defender,* for appellant.

STALLONE, *J.,* December 22, 2004—On August 25, 2004, a jury found the appellant, Charles Ray Dalton Jr., guilty of possession of heroin,[1] possession with intent to deliver heroine,[2] receiving stolen property,[3] possession of cocaine[4] and possession of drug paraphernalia,[5] arising out of the execution of a search warrant for a second floor bedroom in a dwelling located at 317 N. 2nd Street, Reading, Berks County, Pennsylvania. Thereafter, pursuant to section 7508(a)(7)(ii) of the Crimes Code,[6] this court imposed the mandatory minimum sentence of five to 10 years in state prison and the mandatory minimum fine of $30,000.00 upon the appellant for possession with

---

1. Title 35, 35 P.S. §780-113(a)(16) (Supp. 2004).
2. Title 35, 35 P.S. §780-113(a)(30) (Supp. 2004).
3. Title 18, 18 Pa.C.S. §3925(a) (Supp. 2004).
4. Title 35, 35 P.S. §780-113(a)(16) (Supp. 2004).
5. Title 35, 35 P.S. §780-113(a)(32) (Supp. 2004).
6. Title 18, 18 Pa.C.S. §7508(a)(7)(ii) (Supp. 2004).

intent to deliver heroin, with credit for 25 days time served.[7] Appellant has now filed this timely appeal in which he is raising two unrelated issues for appellate review.

The first is that this court abused its discretion in imposing the mandatory minimum sentence. Under Pennsylvania law, an appeal challenging the discretionary aspects of sentencing may be reviewed only where it appears that a substantial question has been raised concerning the legality of the sentence. *Commonwealth v. Eby,* 784 A.2d 204, 205-206 (Pa. Super. 2001). And, even assuming that a substantial question is raised, a sentence will not be overturned unless the record shows a manifest abuse of discretion, which is more than a mere error in judgment. A manifest abuse of discretion may be found only where the record establishes that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will or arrived at a manifestly unreasonable decision. *Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa. Super. 1999).

In claiming that this court abused its discretion in imposing the mandatory minimum sentence, the appellant is challenging this court's application of section 7508(b) of the crimes code,[8] which reads as follows:

---

7. We also imposed a consecutive term of 18 months to 36 months for receiving stolen property and concurrent terms of three months to 24 months for possession of cocaine and three months to 12 months for possession of drug paraphernalia, none of which are being challenged in this appeal. Moreover, we did not sentence appellant for possession of heroin, inasmuch as it merged for sentencing purposes with possession with intent to deliver heroin.

8. See n.7, *supra.*

"(b) *Proof of sentencing.*—Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. *The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.*" [9]

Appellant's argument is not directed to the Commonwealth's notice of intention to seek the mandatory minimum sentence, which he admits was properly given. N.T., sentencing hearing, p. 6. Rather, he maintains that, because the jury was not asked to make a specific finding as to the weight of the heroin found in his possession, the sentence was excessive and manifestly unreasonable.

We disagree. Where the language of a statute is clear, the Statutory Construction Act[10] requires that it be read in accordance with its plain meaning and common usage. *Commonwealth v. Johnson,* 417 Pa. Super. 636, 612 A.2d 1382 (1992). Here, section 7508(b) clearly required this court, *and not the jury,* to make a finding as to the weight of the heroin in determining, by a preponderance of the evidence, that the mandatory minimum sentence should be imposed. In doing so, this court considered all

---

9. All italicized language appearing in this memorandum opinion is for emphasis only.

10. Title 1, 1 Pa.C.S. §1903 (Supp. 2004).

of the relevant evidence introduced at trial and at the sentencing hearing, including the parties' stipulation at trial that the weight of the heroin was in excess of five grams, which in and of itself would be sufficient to permit the imposition of the mandatory minimum sentence. N.T., sentencing hearing, pp. 8, 11, 12.

Moreover, our research has led us to the case of *Commonwealth v. Bess,* 789 A.2d 757 (Pa. Super. 2000), which is helpful on this issue. In that case, the appellant, Charles Bess, alleged, inter alia, that his trial counsel was ineffective for failing to request the trial court to instruct the jury to make a separate finding as to how much of the controlled substances found on him at the time of his arrest was for personal use and how much was for distribution or sale. In rejecting that claim, the Superior Court reasoned in pertinent part at page 763 of its opinion:

"Whether the mandatory minimum sentence applies is the sole province of the judge at the sentencing hearing. *Commonwealth v. Glenn,* 450 Pa. Super. 130, 675 A.2d 343 (1996). Thus, any request of the court to find that appellant had less than the amount of cocaine required by statute would have to have been made to the sentencing court and not by the jury."

Accordingly, as it was clearly within the province of this court to determine the applicability of the mandatory minimum sentence in this case, we did not abuse our discretion in imposing such a sentence upon the appellant.

Secondly, the appellant claims that the court, after a pretrial hearing held before Judge Scott D. Keller, erred in entering an order denying his motion to suppress certain physical evidence seized from the second floor bed-

room at 317 N. 2nd Street.[11] However, we must likewise reject this claim inasmuch as the record discloses that on October 10, 2003, Judge Keller filed written findings of fact and conclusions of law in support of his order, which we hereby incorporate by reference into this memorandum opinion [not published herein].

And so, for these reasons, we affirm the judgment of sentence and respectfully request the Superior Court of Pennsylvania to deny this appeal.

---

11. This case was originally assigned to Judge Keller following the defendant's preliminary hearing. On November 22, 2003, Judge Keller reassigned this case to Judge Jeffrey K. Sprecher, who subsequently reassigned it to this judge on May 17, 2004, solely for purposes of trial.