J-S26007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BENJAMIN JOSEPH KERRICK | |
| Appellant | No. 1125 MDA 2014 |

Appeal from the Judgment of Sentence June 11, 2014
In the Court of Common Pleas of Tioga County
Criminal Division at No(s): CP-59-CR-0000020-2013

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                                **FILED JUNE 16, 2015**

Benjamin Joseph Kerrick appeals from the judgment of sentence imposed on June 11, 2014, in the Court of Common Pleas of Tioga County, following his conviction by a jury on charges of indecent assault (victim less than 13 years old), three counts of aggravated indecent assault (victim less than 16 years old), and three counts of incest.[1]  Kerrick received an aggregate sentence of 10 years, nine months' to 22 years' incarceration.  He was not determined to be a sexually violent predator.  In this timely appeal, Kerrick raises two, interrelated, issues.  He claims he was improperly tried on one count of aggravated indecent assault and one count of incest where those charges occurred in Carbon County.  Additionally, he claims it was not

_____

[1] 18 Pa.C.S. §§ 3126(a)(7), 3125(a)(8), and 4302, respectively.

harmless error for the Tioga County jury to hear evidence of the Carbon County charges. Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The record reveals the victim was eleven years old when she first met her father, Kerrick. Not long after they were reunited, Kerrick began sexually assaulting the victim, including digital penetration of and sexual intercourse with her. These assaults took place in Elkland and Jim Thorpe, Pennsylvania. Elkland is in Tioga County while Jim Thorpe is in Carbon County. As noted, one instance of incest and one instance of aggravated indecent assault took place in Carbon County. This pattern of sexual abuse continued until the victim was 14 years old. Some years later, the victim reported the abuse. The victim was 19 years old at the time of trial.

We note that through the 1970's, questions of venue were deemed to implicate subject matter jurisdiction, and therefore were not subject to waiver analysis. *See Commonwealth v. Ziegler*, 380 A.2d 420 (Pa. Super. 1977) (noting common law rule that question of venue between counties treated as one of subject matter jurisdiction). Although *Ziegler* and the many cases cited therein[2] have apparently not been *expressly* overruled, our Supreme Court recently stated,

_____

[2] *Commonwealth v. Simeone*, 294 A.2d 921 (Pa. Super. 1972); *Commonwealth v. Creamer*, 345 A.2d 212 (Pa. Super. 1975); *Commonwealth v. Tumulo*, 299 A.2d 15 (Pa. Super. 1973).

… all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code. … Venue, on the other hand, refers to the convenience and locality of trial, or the right of a party to have the controversy brought and heard in the particular judicial district.

***Commonwealth v. Gross***, 101 A.3d 28, 32 (Pa. 2014) *citing* ***Commonwealth v. Bethea***, 828 A.2d 1066, 1074 (Pa. 2003). Intercounty determinations are, therefore, a question of venue. ***Id***.

Our standard of review regarding questions of venue is to determine whether the trial court committed an abuse of discretion. ***See*** ***Commonwealth v. Johnson***, 612 A.2d 1382, 1384-85 (Pa. Super. 1992). Kerrick claims the trial court erred in allowing the charges that arose from allegations of criminal behavior in Carbon County to be tried in Tioga County.[3] However, Kerrick never challenged the Tioga County venue. Accordingly, the issue has been waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). ***See also***, ***Commonwealth v. Fremd***, 860 A.2d 515 (Pa. Super. 2004) (challenge to venue waived for failing to raise issue before lower court).

In his second issue, Kerrick argues the trial court erred in determining it was harmless error for the jury to hear evidence regarding the Carbon

---

[3] The trial court did not specifically rule on this issue. In its Pa.R.A.P. 1925(a) opinion, the trial court opined that even if the Carbon County charges were improperly tried in Tioga County, it constituted harmless error. ***See*** Trial Court Opinion, 8/11/2014, at 1.

County allegations. This argument is based upon the presumption that the Carbon and Tioga County allegations should not have been tried together. Just as Kerrick did not object to the Tioga County venue, he did not object to any of the testimony regarding the Carbon County allegations. Therefore, the issue has also been waived. Additionally, because the Carbon and Tioga County incidents were tried together without objection, by necessity the jury had to hear evidence regarding the Carbon County allegations. Kerrick is not entitled to relief on this issue.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/16/2015