J-S41001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TREV BOWIES JACKSON, II :
:
Appellant : No. 597 MDA 2018

Appeal from the Judgment of Sentence April 25, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005766-2016,
CP-67-CR-0005767-2016

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:          **FILED SEPTEMBER 04, 2019**

Trev Bowies Jackson, II, appeals from the judgment of sentence,

entered in the Court of Common Pleas of York County, after a jury[1] convicted

him of burglary,[2] theft by unlawful taking,[3] receiving stolen property ("RSP"),[4]

---

[1] Jackson was convicted in a separate bench trial of loitering and prowling at nighttime.  18 Pa.C.S.A. § 5506.

[2] 18 Pa.C.S.A. § 3502(a)(4).

[3] 18 Pa.C.S.A. § 3921(a).

[4] 18 Pa.C.S.A. § 3925(a).

---

\*   Retired Senior Judge assigned to the Superior Court.

attempted first-degree murder,[5] assault of a law enforcement officer,[6] and recklessly endangering another person ("REAP").[7]   After careful review, we affirm.

On November 22, 2015, Officer Lynn Anderson stopped Jackson for improperly signaling while driving.   Officer Anderson requested Jackson's license, registration, and proof of insurance.  Jackson complied, but his license fell underneath the car.  To safely retrieve the license, Officer Anderson asked Jackson to step out of the vehicle and place his arms behind his back.   In response, Jackson fired a single gunshot so close to Officer Anderson's face, he sustained a facial powder burn.   Officer Anderson took cover behind Jackson's car.  Jackson fired two more shots in Officer Anderson's direction, reentered his car, and fled.  Officer Anderson fired seven shots toward Jackson as he sped off.  He ultimately apprehended Jackson and arrested him.

Following trial, the jury convicted Jackson on all charges on March 23, 2017.  On April 25, 2017, the trial court sentenced Jackson to one to four years' incarceration for burglary, ten to twenty years' incarceration for attempted first-degree murder, twenty to forty years' incarceration for assault of law enforcement officer, and one to two years' incarceration for REAP.  His

---

[5] 18 Pa.C.S.A. § 2502(a).

[6] 18 Pa.C.S.A. § 2702.1.

[7] 18 Pa.C.S.A. § 2705.

convictions for theft and RSP merged for purposes of sentencing.[8]  Jackson was sentenced to an aggregate term of forty to sixty years' incarceration. Jackson's sentences for burglary and REAP were ordered to run concurrent to his sentence for attempted first-degree murder, and consecutive to his sentence for assault of a law enforcement officer.  Jackson filed post-sentence motions for modification of sentence and for a new trial, both of which were denied by operation of law.[9]  Jackson timely filed his notice of appeal and Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Instantly, Jackson raises the following issues for our review:

1. Whether the honorable trial court abused its discretion in imposing consecutive sentences of 10 to 20 years for attempted homicide and 20 to 40 years for assault of police officer in that both charges arose out of the same criminal episode?

2. Whether the charges of attempted homicide and assault of a police officer should have merged for purposes of sentencing?

3. Whether the honorable trial court erred in denying Appellant's motion for change of venue?

Brief of Appellant, at 4.

Jackson's first claim challenges the discretionary aspects of his sentence.  ***See Commonwealth v. Foust***, 180 A.3d 416, 438-39.

---

[8] The factual bases for Jackson's burglary, theft, RSP, and loitering and prowling at nighttime are not germane to this appeal.

[9] Pa.R.Crim.P. 720(B)(3)(b).

Discretionary aspects of sentencing claims are not appealable as of right. *Id.* We have previously explained:

> [I]n order to reach the merits of a discretionary aspects claim, we must engage in a four-part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his or her issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

*Id.* (citations omitted). Jackson has satisfied the first three prongs. With regard to the fourth prong, we have held that "a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013). Rather, a claim of excessiveness due to the consecutive nature of a sentence must "articulate[] reasons why consecutive sentences in a particular case are unreasonable" to raise a substantial question. *Id.* Jackson claims imposing consecutives sentences for attempted murder and assault of a law enforcement officer was clearly unreasonable, as both charges arose out of the same criminal episode, and results in an excessive sentence. Brief of Appellant, at 9-10. This raises a substantial question, entitling Jackson to review of the merits of his challenge. *See Foust*, *supra*, at 439 (determining argument that consecutive sentences for two murder convictions was excessive and unreasonable raised a substantial question) (citation omitted).

Jackson avers the trial court abused its discretion because he was sentenced more than once for a single criminal act. Brief of Appellant, at 9.

However, this reflects a misunderstanding of the law. Jackson fired multiple shots at Officer Anderson. N.T. Trial, 3/20/17, at 51. He was convicted of assault of a law enforcement officer for the first shot, which inflicted a powder burn upon Officer Anderson's face, and of attempted murder for the subsequent shots he fired at the officer. *See* N.T. Trial Court Opinion, 12/14/18, at 13 ("Having committed an assault of a law enforcement officer, the Appellant fired *twice more* by his own admission."). Jackson is not entitled to a concurrent, rather than consecutive, sentence for his multiple offenses simply because he committed them within a short period of time; such a sentence would provide a "volume discount" to perpetrators of multiple crimes in a short period of time. *See Foust*, *supra*, at 434-35 ("defendants convicted of multiple offenses are not entitled to a 'volume discount' on their aggregate sentence."). Therefore, we conclude the trial court did not abuse its discretion in sentencing Jackson.

In his second claim, Jackson argues his sentence is illegal because his attempted first-degree murder and assault of a law enforcement officer charges should have merged. Brief of Appellant, at 10. Merger doctrine prohibits conviction for two separate statutory provisions constituting the same offense. *See Commonwealth v. Anderson*, 650 A.2d 20 (Pa. 1994) (holding assault was lesser included offense within attempted murder and therefore merged where charges arose from single gunshot). However, merger does not apply unless "(1) the crimes arise from a single criminal act;

and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Id.* at 833. The crimes of attempted murder and assault of a law enforcement officer each have an additional element not included in the other offense, and, therefore, do not merge for sentencing purposes. *Commonwealth v. Johnson*, 874 A.2d 66, 71 (Pa. Super. 2005). Consequently, Jackson's challenge to the legality of his sentence fails.

Jackson's final claim challenges the trial court's denial of Jackson's motion for change of venue. Brief of Appellant, at 13. Jackson contends the pretrial publicity was extensive and prejudicial, saturating the community and making selection of a fair and impartial jury impossible. Brief of Appellant, at 13. With regard to change of venue due to pretrial publicity, our Supreme Court has explained:

> The determination of whether to grant a change of venue rests within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. This is primarily because the trial court is in the best position to assess the atmosphere of the community and to judge the necessity of any requested change. The mere existence of pretrial publicity does not warrant a change of venue. Ordinarily, a defendant is not entitled to a change of venue unless he or she can demonstrate that the pretrial publicity resulted in actual prejudice that prevented the impaneling of an impartial jury. Prejudice will be presumed, however, if the defendant is able to show that the pretrial publicity: (1) was sensational, inflammatory, and slanted toward conviction, rather than factual and objective; (2) revealed the defendant's prior criminal record, if any, or referred to confessions, admissions or reenactments of the crime by the defendant; or (3) derived from official police or prosecutorial reports. Even if the defendant proves the existence of one or more of these circumstances, a change of venue is not warranted unless the defendant also demonstrates that the pretrial publicity was so extensive, sustained, and pervasive that the community

- 6 -

must be deemed to have been saturated with it, and that there was insufficient time between the publicity and the trial for any prejudice to have dissipated.

***Commonwealth v. Thorp***, 830 A.2d 519, 528-29 (Pa. 2003) (citations omitted).

In his motion for change of venue, Jackson brought to the trial court's attention seven articles published about him and his criminal episode before trial. Brief of Appellee, at 20. Jackson referenced dash cam footage of the incident which circulated on the internet. Brief of Appellant, at 13. Jackson argues this publicity saturated the community and that he was therefore prejudiced by the trial court's denial of his motion for change of venue. ***Id.***

The publicity surrounding Jackson's trial was insufficient to saturate the community. ***See Commonwealth v. Pappas***, 845 A.2d 829, 846 (holding appellant not entitled to change of venue where 58 articles were published, including nine in year preceding trial). Furthermore, the last of the seven articles concerning Jackson's case was published approximately six months prior to trial. N.T. Trial Court Opinion, 12/14/18, at 20; ***see Commonwealth v. Casper***, 392 A.2d 287, 295 (Pa. 1978) (determining two and one half months sufficient cooling-off period to eliminate need for change of venue). The dash cam video's internet circulation did not prejudice Jackson either because the Commonwealth would have shown the dash cam footage to the jury no matter where trial took place. ***See Commonwealth v. Johnson***, 612 A.2d 1382 (Pa. Super. 1992) (upholding denial of motion for change of venue where jury would have heard allegedly prejudicial information no matter

where trial was held). We cannot conclude pretrial publicity rose to the level requiring a change of venue. Thus, Jackson has failed to demonstrate prejudice, and there was no abuse of discretion. Therefore, his third challenge fails.

Judgment of sentence affirmed.

Judge Murray joins this Memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2019