J-A11038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DYLAN SCOTT DAVIS | : | |
| | : | |
| Appellant | : | No. 537 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 3, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004469-2020

BEFORE:  BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: MAY 29, 2024**

Dylan Scott Davis (Appellant) appeals from the judgment of sentence[1] imposed after the trial court convicted him of one count each of riot, conspiracy to commit riot, failure of disorderly persons to disperse upon official order, obstructing highways and other public passages, and disorderly conduct.[2]  We affirm.

On September 13, 2020, members of the Lancaster County Special Emergency Response Team responded to a report of a large crowd amassing

---

[1] Appellant purports to appeal from the March 13, 2023, order denying his post-sentence motion.  However, this appeal "properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*).  We have corrected the caption accordingly.

[2] ***See*** 18 Pa.C.S.A. §§ 5501(1), 903(a)(1), 5502, 5507(a), 5503(a)(1).

in front of the Lancaster City police station. N.T., 11/3/22, at 12. The crowd of approximately 100[3] people had gathered at the main entrance ramp to protest an officer-involved shooting. *Id.* at 13-14. The crowd caused substantial damage to the police station over the course of several hours. *Id.* at 20 (Detective Stanley Roache testified, "[T]he majority of the windows were smashed out. At some point during the riot, [the mob] smashed out all the front doors, throwing rocks at the front windows, spray paint everywhere."). In the following days, law enforcement reviewed surveillance and police-worn body camera footage depicting, *inter alia*, Appellant's involvement in the incident. *Id.* at 38-39.

The trial court summarized the facts adduced at trial relevant to Appellant's actions:

> Appellant was present for the entirety of the criminal unrest that occurred in front of and on the ramp of the Lancaster City Bureau of Police headquarters. (N.T., Ex. 6 (Appellant was recorded standing in the street, shirtless, as late as 2:48 a.m. on September 14, 2020)). Appellant was on the ramp with the mob as it advanced up the ramp and was front and center when the mob retreated back down the ramp as the police pushed the mob back using chemical and smoke ord[]nances. (N.T., Ex. 4). As debris, comprised mostly of rocks, water bottles, and other hard objects, flew overhea[]d from the mob towards police, Appellant and others directed the mob to once again march forward up the ramp, with Appellant even pointing to the stop line[4] for the

---

[3] The testimony elicited from various witnesses at trial established there were anywhere from 100 to 400 people in the crowd. *See* N.T., 11/3/22, at 13, 29, 33.

[4] Detective Roache testified, "[I]f several people pass this line, we wouldn't be able to hold the police station." N.T., 11/3/22, at 13.

forward advancement. (***Id.***, at 7:10). Appellant joined the front of the mob at this newly formed front line only to be met with a second wave of chemical and smoke ord[]nances, this time with the officers forced to march down towards the mob to disperse it from the ramp, with Appellant being one of the last to physically leave the ramp. (***Id.***, at 14:04, at 16:42, at 19:32).

Trial Court Opinion, 7/12/23, 12-13 (footnote added).

On November 3, 2022, the Commonwealth charged Appellant with the above offenses by criminal information. That same date, Appellant proceeded to a non-jury trial. On November 7, 2022, the trial court convicted Appellant of all charges. On February 3, 2023, following completion of a presentence investigation report, the trial court imposed an aggregate sentence of three years' probation. Appellant timely appealed. Appellant filed a timely Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, after which the trial court filed a Rule 1925(a) opinion.

Appellant presents the following issue for our review:

Whether the [] trial court erred in finding the Appellant guilty of riot, conspiracy to commit riot and disorderly conduct when the evidence presented at trial by the Commonwealth as to all three (3) offenses was insufficient as a matter of law[?]

Appellant's Brief at 6 (capitalization modified).

We initially address whether Appellant preserved his sufficiency claim. The trial court opined that Appellant waived his sufficiency claim by filing a deficient Rule 1925(b) concise statement, which failed to identify with specificity the elements of the crimes for which insufficient evidence was presented. Trial Court Opinion, 7/12/23, at 5. We agree.

- 3 -

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013). In his Pa.R.A.P. 1925(b) statement, Appellant alleged the "evidence presented at Appellant's bench trial[] was insufficient to convict Appellant" of riot, conspiracy to commit riot, and disorderly conduct. 1925(b) Statement, 5/4/23, at 1.[5] As Appellant has failed to identify what elements of the offenses were not supported by sufficient evidence, we agree with the trial court that his claim is waived. ***Id.***

However, even if Appellant had preserved his sufficiency claim, it lacks merit. Our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, … the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the

---

[5] Appellant's Pa.R.A.P. 1925(b) statement raised several additional issues. 1925(b) Statement, 5/4/23, at 1-2. As Appellant has failed to address these claims in his brief, they are waived. ***See In Interest of T.Q.B.***, 286 A.3d 270, 273 n.5 (Pa. Super. 2022) (holding that issues raised in a Rule 1925(b) concise statement that are not developed in the appellate brief are abandoned).

combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Reed*, 216 A.3d 1114, 1119 (Pa. Super. 2019).

Appellant challenges the sufficiency of the evidence underlying his riot, conspiracy to commit riot, and disorderly conduct convictions. He argues these convictions arose solely from his presence at the scene of the crime. Appellant's Brief at 15, 16, 18. Appellant acknowledges that "[w]hat began as a peaceful protest turned into violence and destruction[,]" but emphasizes that "[o]nly a few of the protesters directly caused damage to property." *Id.* at 11. He further alleges the evidence at trial showed that his participation in the events of that night was not violent in nature. *Id.* at 11-12.

Although Appellant admits a riot occurred, he disputes the trial court's characterization of his actions. *Id.* at 13. He maintains his "conduct did not rise to the level of acting disorderly as his presence alone is insufficient as a matter of law." *Id.* at 16. He argues "there is no evidence of record that [he] conspired with or acted in concert with others to act disorderly." *Id.* at 15. Finally, Appellant contends the trial court improperly stripped him of his presumption of innocence "by concluding that because he didn't stop [the riot] or take action to stop it, he was a participant in it." *Id.* at 17.

Section 5501(1) of the Crimes Code states, "A person is guilty of riot …

if he participates with two or more others in a course of disorderly conduct …

with intent to commit or facilitate the commission of a felony or

misdemeanor[.]"[6]  18 Pa.C.S.A. § 5501(1).  "The essence of the offense of

riot is group action."  ***Commonwealth v. McGavin***, 451 A.2d 773, 775 n.4

(Pa. Super. 1982).  "Personal injury or violence to any individual or damage

to property is not an essential element of the crime of riot."  ***Commonwealth***

***v. Hayes***, 209 A.2d 38, 41 (Pa. Super. 1965) (citation and internal quotation

marks omitted).   Mere presence alone is insufficient to support a riot

conviction.  ***See Commonwealth v. Crawford***, 483 A.2d 916, 918 (Pa.

Super. 1984) ("[W]e did not hold [in ***Commonwealth v. Reeves***, 387 A.2d

877 (Pa. Super. 1978),] that encouragement is a necessary element of a riot

conviction, but held only that something more than mere presence **alone** is

necessary." (emphasis in original)).

Disorderly conduct is an essential element of the crime of riot.  ***See*** 18

Pa.C.S.A. § 5501(1).   Section 5503(a)(1) states, "A person is guilty of

disorderly conduct if, with intent to cause public inconvenience, annoyance or

---

[6] The Commonwealth alleged Appellant participated with others in a course of disorderly conduct with the intent to commit the crime of failure to disperse upon official order.  ***See*** Amended Information, 11/3/22, at Count 1; ***see also*** 18 Pa.C.S.A. § 5502 (failure to disperse upon official order is a misdemeanor of the second degree).  Appellant does not challenge his conviction of failure to disperse upon official order on appeal.

alarm, or recklessly creating a risk thereof, he … engages in fighting or threatening, or in violent or tumultuous[7] behavior[.]" *Id.* § 5503(a)(1) (footnote added). Disorderly conduct, graded as a misdemeanor of the third degree, further requires the Commonwealth to prove that "the intent of the actor is to cause substantial harm or serious inconvenience, or [that] he persists in disorderly conduct after reasonable warning or request to desist." *Id.* § 5503(b).

Finally, Section 903(a)(1) provides:

**(a) Definition of conspiracy.--**A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime

*Id.* § 903(a)(1). Section 903 further provides, "[n]o person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person

---

[7] Relevantly,

"tumultuous" is defined as "marked by tumult"; "tending or disposed to cause or incite a tumult"; or "marked by violent or overwhelming turbulence or upheaval." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 1272 (10th ed. 1996). "Tumult" is relevantly defined as "a disorderly agitation ... of a crowd usu[ally] with uproar and confusion of voices," or "a violent outburst." *Id.* at 1271–72.

*Commonwealth v. Love*, 896 A.2d 1276, 1285 (Pa. Super. 2006).

with whom he conspired." *Id.* § 903(e). "The overt act need not accomplish the crime - it need only be in furtherance thereof." ***Commonwealth v. Sanchez***, 82 A.3d 943, 973 (Pa. 2013). Moreover, "[a] conspiracy may be proven inferentially by showing the relation, conduct, or circumstances of the parties, and the overt acts of alleged co-conspirators are competent as proof that a criminal confederation has in fact been formed." ***Commonwealth v. Chambers***, 188 A.2d 400, 410 (Pa. 2019) (citation and internal quotation marks omitted).

Upon review of the record and the foregoing authority, we conclude Appellant's convictions were supported by sufficient evidence. The evidence adduced at trial established that a large crowd (of which Appellant was a part) impeded traffic and ignored police orders to disperse. N.T., 11/3/23, at 20-21. Witnesses described a loud and chaotic scene. *Id.* at 27. Participants in the assembly caused damage to buildings "up and down Prince Street," which included the destruction of windows and doors. *Id.* at 20. Surveillance footage captured Appellant, at the front of the crowd, opposing police efforts to disperse the rioters. *Id.* Appellant, acting in accord with the crowd, advanced toward a police line established to prevent entry into the police station. *Id.* at 13; *see* Exhibit 4 (depicting Appellant and others proceeding up the main entrance ramp to the police station). With hand motions, Appellant and others directed the crowd toward the police line in an effort to force their way into the police station. ***See*** Exhibit 4.

The evidence presented at trial, viewed in a light most favorable to the Commonwealth, established that Appellant acted in concert with two or more others in furtherance of a criminal objective. *See Reed*, 216 A.2d at 1119. That Appellant did not himself engage in violence or property destruction is of no moment. *See Hayes*, 209 A.2d at 41. Appellant's confederation with the front line of rioters, opposing law enforcement's efforts to disperse the crowd, evidenced his agreement to participate in the riot. *See Chambers*, 188 A.2d at 410 ("[P]roof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities." (citation and internal quotation marks omitted)). Further, although encouragement is not an essential element of the crime of riot, Appellant's arm motion directing the crowd toward the police line demonstrated his active participation in the tumultuous conduct of the group. *See Crawford*, 483 A.2d at 918; *Love*, 896 A.2d at 1285. As the evidence at trial was sufficient to establish Appellant's active participation in the riot, his claim of mere presence at the scene is unavailing.

Accordingly, even if preserved, Appellant's sufficiency challenge would merit no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>05/29/2024</u>