605 A.2d 429

**COMMONWEALTH of Pennsylvania**

v.

**William BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1992.

Filed March 31, 1992.

422

David Crowley, Bellefonte, for appellant.

Mark S. Smith, Asst. Dist. Atty., Bellefonte, for Commonwealth, appellee.

Before DEL SOLE, HUDOCK and HOFFMAN, JJ.

DEL SOLE, Judge:

This appeal is from a Judgment of Sentence imposed following the conviction of Appellant, William Brown, of Aggravated Assault, Assault by Prisoner, Simple Assault and Recklessly Endangering Another Person. Appellant was sentenced to a total period of confinement of ten to twenty years. Finding no abuse of discretion, we affirm.

Appellant was serving a sentence on an unrelated matter at the State Correctional Institution at Rockview when he was diagnosed by a physician at the institution as a chronic carrier of the Hepatitis "B" virus and the HIV1 virus. On the evening of November 16, 1988, Corrections Officer Allan Hepner was working in the Restricted Housing Unit, where Appellant resided. As Officer Hepner approached the "range" which contained Appellant's cell, he heard commotion coming from one of the cells. When the officer came to Appellant's cell, the other inmate who had been yelling suddenly ceased. Officer Hepner turned to face Appellant's cell, and was then hit in the face with a warm, foul-smelling liquid substance which had been thrown through the food slot in Appellant's cell. Appellant came to stand directly in front of Officer Hepner, accusing Hepner of tampering with his mail. Officer Hepner, knowing that Appellant was HIV positive, and also knowing that the substance which had hit him in the face had the odor and consistency of feces, immediately attempted to spit it out of his mouth. Being especially concerned because he wore dentures and chewed snuff, and consequently had open

abrasions in his mouth, Officer Hepner went to the Dispensary, where he was able to gargle and rinse his mouth, shower, and get a change of clothes. He was tested the next day for presence of the HIV virus. Various health care personnel testified and confirmed at trial that the substance with which Officer Hepner was hit did indeed contain fecal matter. When confronted immediately following the incident, Appellant proceeded to empty two more cups of the same liquid into the commode in his cell. In response to the prison guard Captain's question, "why he had done this," Appellant replied that Officer Hepner was "messing with [his] mail" and that he kept such cups of fecal liquid in his cell in case the other inmates gave him trouble.

Appellant was charged with Criminal Attempt–Criminal Homicide Aggravated Assault, Assault by Prisoner, Simple Assault and Harassment. Following the preliminary hearing, Appellant was held for court; thereafter, Appellant filed a Petition for Writ of Habeas Corpus, which was denied. Following the close of the Commonwealth's evidence at trial, Appellant demurred to the evidence and the demurrer was denied. Appellant later moved for a directed verdict, which was denied. The jury found Appellant guilty of Aggravated Assault, Assault by Prisoner, Simple Assault, and Recklessly Endangering Another Person. Appellant filed a Motion for New Trial and in Arrest of Judgment, which was denied. Appellant was sentenced to ten to twenty years imprisonment, to run consecutively to the sentence he was serving at the time of the incident. Appellant filed a timely Motion to Modify Sentence, which was denied. This appeal was then brought.

Appellant's sole claim on appeal is that the evidence is insufficient to sustain his convictions when the victim sustained no bodily injury as a result of the encounter. In determining whether the evidence is sufficient to support a conviction, we accept as true all the evidence, and the reasonable inferences therefrom, upon which the factfinder could have based its verdict and then ask whether that

evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Crawford,* 334 Pa.Super. 630, 483 A.2d 916 (1984); *Commonwealth v. Edwards,* 521 Pa. 134, 555 A.2d 818 (1989).

Appellant specifically asserts that the intent element has not been met in regard to his conviction for Aggravated Assault. Where, as in the instant case, the victim has not sustained any serious bodily injury, the Commonwealth is required to prove specific intent to inflict serious bodily injury. *Commonwealth v. Magnelli,* 348 Pa.Super. 345, 502 A.2d 241 (1985). We find that based on the facts as set forth in the record, there was sufficient evidence for the factfinder to conclude that Appellant indeed intended to inflict serious bodily injury upon Officer Hepner. Appellant had been counseled by both a physician and a nurse concerning the fact that he had tested positive for both the HIV and Hepatitis B viruses and had been informed regarding the transmission of HIV through bodily fluids. (N.T., August 19, 1986, pp. 18–19, 27–28.) Therefore, the evidence is sufficient to support Appellant's conviction for Aggravated Assault.

In regard to Appellant's convictions for Assault by Prisoner, Simple Assault, and Recklessly Endangering Another Person, we find that Appellant's act of flinging fecal matter into the face of a prison guard, when Appellant had knowledge that he was a chronic carrier of the aforementioned viruses, constitutes an assault by a means or force likely to produce serious bodily injury. 18 Pa.C.S.A. § 2703. Thus, there is sufficient evidence to support Appellant's conviction for Assault by Prisoner. Additionally, these same acts also demonstrate the "conscious disregard of risk" which supports Appellant's conviction for Recklessly Endangering Another Person. 18 Pa.C.S.A. § 2705. *See Commonwealth v. Henck,* 329 Pa.Super. 275, 478 A.2d 465 (1984). Finally, the conviction for Simple Assault, being a lesser included offense, is supported by the same facts which support Appellant's other convictions, since the ele-

ments of Simple Assault are necessarily included in the other offenses and merge with them for sentencing purposes. 18 Pa.C.S.A. § 2701; *Commonwealth v. Cavanaugh,* 278 Pa.Super. 542, 420 A.2d 674 (1980). Therefore, we find that there is sufficient evidence from which the fact finder could conclude that each element of the offenses with which Appellant was charged has been proven beyond a reasonable doubt. Accordingly, we affirm.

Judgment of Sentence affirmed.