J. S69023/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TRACY A. BRITTINGHAM, | : | No. 2963 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 12, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0010691-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 13, 2016**

Tracy A. Brittingham appeals from the June 12, 2014 judgment of sentence following his conviction of aggravated assault, simple assault, and possession of an instrument of crime.[1]  The trial court appointed Gary S. Server, Esq., as appellant's counsel for both the trial and his appeal. Attorney Server has filed a petition to withdraw, alleging that the appeal is frivolous, accompanied by an **Anders** brief.[2]  We will grant counsel's withdrawal petition and affirm the judgment of sentence.

The trial court provided the following relevant facts:

---

[1] 18 Pa.C.S.A. §§ 2702(a), 2701(a), and 907(a), respectively.

[2] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

1.    Testimony of Police Officer Jason Tomon

On July 3, 2013, Philadelphia Police Officer Jason Tomon was on routine patrol in the area of 2300 West Indiana Avenue in Philadelphia when he observed a large group of people gathered at a corner. Officer Tomon observed Defendant strike William Wise on the top of the head and on his hands with a two-by-four piece of wood. At the time he was struck in the head and hands, Wise was kneeling on the ground and putting his hands up to block the strikes by Defendant. Officer Tomon observed Defendant strike Wise at least two or three times in the area of Wise's head and his hands. Officer Tomon never observed Wise strike, hit, or attempt to hit Defendant, and also did not observe any weapons or objects in Wise's hand. Officer Tomon was unaware of how the incident started.

Defendant stopped hitting Wise only when he observed Officer Tomon arrive in his police car. In response to observing Officer Tomon, Defendant threw down the two-by-four piece of wood and started to walk away. Officer Tomon stopped Defendant and arrested him. Officer Tomon did not observe any cuts or bruises on Defendant. According to Officer Tomon, "He was fine." During his arrest, Defendant told Officer Tomon that Wise was following him. Officer Tomon does not recall Defendant telling him that he called the police or that Wise attacked him. To the contrary, Officer Tomon recalled that it was a "sight job," *i.e.*, Officer Tomon stopped at the scene because of what he observed rather than going to the scene in response to a call to police dispatch.

After arresting Defendant, Officer Tomon went to Wise who, at the time, could only tell Officer Tomon his name. Officer Tomon observed scrapes on Wise's hand and cuts on his hand and face. Officer Tomon recovered the two-by-four piece of wood, which was broken into two pieces.

. . . .

### 3.    Testimony by Defendant

Defendant testified that he was at 22nd and Cambria Streets when Wise started to follow him and said something about Defendant disrespecting his mother or brother. Defendant believed Wise was on PCP or angel dust. Defendant did not recognize Wise as someone he knew. Wise continued to follow Defendant, so Defendant called the police. In response to Defendant calling the police, Wise went over to Defendant and struck him with a two-by-four piece of wood, which knocked Defendant's cell phone out of his hand. Defendant then grabbed the two-by-four piece of wood and started to wrestle on the ground with Wise. At this point, both Wise and Defendant are holding the piece of wood. At some point, Defendant was able to gain control of the piece of wood. After gaining control of the piece of wood, Defendant struck Wise's hands with the piece of wood in order to stop Wise from grabbing onto his clothes. Defendant testified that, prior to striking Wise with the piece of Wood, he did not believe he could retreat with complete safety from Wise. He further testified that he struck Wise in order to prevent Wise from continuing his attack.

After Officer Tomon arrived, Defendant told the officer that Wise had been following him for two blocks and attacked him. Defendant also told the officer that he had called the police and that he wanted to press charges against Wise. Defendant was not bleeding but testified that he had a bruise on his shoulder.

Trial court opinion, 2/4/15 at 1-3.[3]

---

[3] Wise was the victim of an unrelated homicide prior to trial on July 14, 2013. The Commonwealth and Attorney Server stipulated to the admission of his death certificate. (Notes of testimony, 4/11/14 at 24.)

Appellant was convicted of aggravated assault, simple assault, and possession of an instrument of crime following a non-jury trial on April 11, 2014. The trial court sentenced appellant on June 12, 2014, to an aggregate term of 39-120 months' imprisonment. On June 19, 2014, appellant filed a post-sentence motion which was denied by the trial court on October 10, 2014. Appellant filed a notice of appeal on October 20, 2014, and the trial court ordered appellant to file a concise statement of errors complained of on appeal on October 21, 2014, pursuant to Pa.R.A.P. 1925(b). Appellant complied with the trial court's order on October 24, 2014. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raised the following issues on appeal:

> I. WHETHER THE ADJUDICATION OF GUILT IS AGAINST THE WEIGHT OF THE EVIDENCE AND SHOCKING TO ONE'S SENSE OF JUSTICE WHERE THE ARRESTING OFFICER DID NOT SEE HOW THE INCIDENT STARTED, WHERE THE ARRESTING OFFICER TESTIFIED INCONSISTENTLY AND UNCONVINCINGLY, WHERE THE APPELLANT IMMEDIATELY EXPLAINED THAT THE VICTIM HAD BEEN FOLLOWING HIM, WHERE THE APPELLANT TESTIFIED CONVINCINGLY THAT HE WAS DEFENDING HIMSELF AND WHERE THERE WAS EVIDENCE THAT THE VICTIM WAS BELLIGERENT, AGGRESSIVE, COMBATIVE AND OBVIOUSLY UNDER THE INFLUENCE OF A CONTROLLED SUBSTANCE[?]
>
> II. WHETHER THE APPELLANT'S CONVICTIONS ARE BASED UPON INSUFFICIENT EVIDENCE BECAUSE THE CIRCUMSTANTIAL INFERENCE

DRAWN FROM THE EVIDENCE THAT THE APPELLANT WAS THE AGGRESSOR AND WAS ASSAULTIVE IS AN UNREASONABLE INFERENCE AND NOT CONSISTENT WITH THE EVIDENCE PRESENTED AT TRIAL[?]

III. WHETHER THE APPELLANT WAS PROVIDED WITH INEFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO IMPEACH A COMMONWEALTH WITNESS WITH ALLEGED INCONSISTENT TESTIMONY AT THE PRELIMINARY HEARING[?]

*Anders* brief at 6.

On May 22, 2015, Attorney Server filed in this court a motion to withdraw as counsel and an *Anders* brief, wherein Attorney Server states there are no non-frivolous issues preserved for our review.

> A request by appointed counsel to withdraw pursuant to *Anders* and *Santiago* gives rise to certain requirements and obligations, for both appointed counsel and this Court. *Commonwealth v. Flowers*, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
>>
>>> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to

be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed ***pro se*** or raise additional points worthy of the Court's attention.

***Woods***, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an ***Anders*** brief:

The ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on

> > point that have led to the
> > conclusion that the appeal is
> > frivolous.
>
> > *Santiago*, 978 A.2d at 361.
>
> > *Id.* at 1248.  If this Court determines that appointed
> > counsel has met these obligations, it is then our
> > responsibility "to make a full examination of the
> > proceedings and make an independent judgment to
> > decide whether the appeal is in fact wholly frivolous."
> > *Id.* at 1248.  In so doing, we review not only the
> > issues identified by appointed counsel in the *Anders*
> > brief, but examine all of the proceedings to "make
> > certain that appointed counsel has not overlooked
> > the existence of potentially non-frivolous issues."
> > *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Server's application to withdraw, supporting documentation, and *Anders* brief reveals that he has complied with all of the foregoing requirements.  We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this court's attention, and attached to the *Anders* petition a copy of the letter sent to appellant as required under *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa.Super. 2005).  *See Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in *Santiago* set forth the new requirements for an *Anders* brief, which are quoted above, the holding did not abrogate the notice requirements set forth in *Millisock* that remain binding legal precedent.").  As Attorney Server has complied with all

of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of **Anders**.[4]

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of appellant's appeal.

In his first issue on appeal, appellant avers that the trial court's verdict was contrary to the weight of the evidence. Our standard of review for determining whether a verdict is compatible with the weight of the evidence is well settled:

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> > Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing the trial

---

[4] We note that Attorney Server's May 22, 2015 letter to appellant incorrectly stated that appellant's rights to respond to Attorney Server's **Anders** brief were contingent upon this court's acceptance of the brief and allowing Attorney Server to withdraw. In response to a **per curiam** order of this court, Attorney Server notified appellant of his rights in a letter dated June 5, 2015.

court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's decision, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error in judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted) (emphasis deleted).

A fact-finder is free to believe all, part, or none of the evidence presented. *Commonwealth v. Mosley*, 114 A.3d 1072, 1087 (Pa.Super. 2015) (citations omitted). This court cannot assume the task of assessing the credibility of the witnesses or evidence presented at trial, as that task is

within the exclusive purview of the fact-finder. **Hankerson**, 118 A.3d at 420 (citations omitted).

Appellant specifically avers that Officer Tomon's testimony during trial was inconsistent with his testimony during the preliminary hearing. (**Anders** brief at 15.) Appellant also avers that "it is shocking to one's sense of justice that [the trial judge] believed Officer Tomon and not the appellant." (**Id.** at 16.) The trial court made the following credibility determination:

> In making its credibility determination, the trial court considered the evidence presented by the Defendant, including that Wise was the first aggressor and that Defendant acted in self-defense. The trial court also observed Defendant's demeanor and manner of testifying at trial and considered that Defendant has two **crimen falsi** convictions. Last, the trial court considered the extent to which the testimony of Officer Tomon and Defendant were corroborated by other evidence, such as the medical records. Weighing all of these facts and evidence, the trial court chose to discredit Defendant's testimony in its entirety and to credit Officer Tomon's testimony.

Trial court opinion, 2/4/15 at 3-4.

Appellant waived his right to a jury trial; therefore, the trial court functioned as the fact-finder for his trial. Pursuant to this court's decision in **Mosley**, the trial court was free to believe all of Officer Tomon's testimony and none of appellant's testimony, as it did in the instant case. We therefore find the trial court did not abuse its discretion by denying appellant's weight of the evidence challenge.

Appellant next raises whether the evidence was sufficient to warrant his convictions. We are subjected to the following standard of review:

> In reviewing the sufficiency of the evidence, we view all evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the fact-finder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to a crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."
>
> Moreover, when reviewing the sufficiency of the evidence, the Court may not substitute its judgment for that of the fact finder; if the record contains support for the convictions, they may not be disturbed.

*Commonwealth v. Stokes*, 78 A.3d 644, 649 (Pa.Super. 2013) (citations omitted).

> Moreover, when applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa.Super. 2011) (citations omitted).

We first review appellant's aggravated assault conviction. Aggravated assault is defined as when a person "attempts to cause or intentionally or

knowingly causes bodily injury to another with a deadly weapon." 18 Pa.C.S.A. § 2702(a)(4). A deadly weapon is defined as "any . . . device or instrumentality which, in the manner which it is used . . . is calculated or likely to produce death or serious bodily injury." 18 Pa.C.S.A. § 2301. **See also Commonwealth v. McCullum**, 602 A.2d 313, 323 (Pa. 1992) ("A deadly weapon need not be, of course, an inherently lethal instrument or device").

Here, the Commonwealth produced sufficient evidence to convict appellant of aggravated assault. When viewed in the light most favorable to the Commonwealth, as verdict winner, Officer Tomon's testimony satisfies the required elements to obtain a conviction of aggravated assault.

First, Officer Tomon testified that he observed appellant strike Wise several times in the head and hands with a two-by-four piece of wood, causing bodily injury. (Notes of testimony, 4/11/14 at 9, 11.) Officer Tomon testified further that Wise had his hands up, trying to avoid being struck by the two-by-four. (**Id.** at 10.) Upon Officer Tomon's arrival to the scene, Wise had multiple visible injuries, including scrapes on the palms of his hands and cuts on his head and face. (**Id.** at 14.) Wise's injuries required that he be transported by ambulance to the Temple University Medical Center. (**Id.**) The two-by-four piece of wood, when used to strike a person in the head and hands, is a deadly weapon pursuant to our supreme court's decision in **McCullum**.

The trial court also noted that appellant raised a valid self-defense argument. (**See** trial court opinion, 2/4/15 at 6.) In order for a defendant to successfully claim self-defense, he or she must meet the following three elements: (1) the defendant reasonably believed that he was in imminent danger of death or serious bodily injury and that the use of deadly force was necessary to prevent such harm; (2) the defendant did not provoke the incident which resulted in the use of force; and (3) the defendant did not violate any duty to retreat. **Commonwealth v. Mouzon**, 53 A.3d 738, 740 (Pa. 2012) (citations omitted). The Commonwealth has the burden of disproving self-defense beyond a reasonable doubt, and may do so by disproving any one of the three self-defense elements the defendant must meet. **Mouzon**, 53 A.3d at 740-741.

Here, we only need to address the first factor discussed in **Mouzon**: whether appellant reasonably believed that he was in imminent danger of death or serious bodily injury and that the use of deadly force was necessary to prevent such harm. The fact-finder has the sole purview over determining whether a defendant's belief of imminent danger is reasonable. **Commonwealth v. McClendon**, 874 A.2d 1223, 1230 (Pa.Super. 2005).

Appellant claimed that Wise was following him and had attacked him first with the two-by-four piece of wood. (Notes of testimony, 4/11/14 at 32-33.) Appellant further testified that, after appellant had control of the two-by-four, Wise was attempting to grab hold of appellant. (**Id.** at 34.)

Based on both appellant's testimony, and Officer Tomon's testimony that appellant struck Wise on his head and hands while Wise had his hands raised to prevent being struck, we find that the Commonwealth has proven beyond a reasonable doubt that appellant was never reasonably in any imminent danger of death or serious bodily harm, and therefore his self-defense claim must fail.

For these reasons, we find that the Commonwealth has met its burden of disproving appellant's self-defense claim beyond a reasonable doubt, and that the evidence fully supports the trial court's guilty verdict on the aggravated assault charge.[5]

We now turn to the sufficiency of the evidence for appellant's conviction of possession of an instrument of crime. An individual is guilty of possession of an instrument of crime "if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a). The statute defines instrument of crime as "anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d)(2).

In the instant case, as noted above, Officer Tomon testified that he personally observed appellant striking Wise with the two-by-four piece of

---

[5] Attorney Server did not include an analysis of the sufficiency of the evidence of the simple assault charge in his **Anders** brief. Such analysis is unnecessary, as all the elements of simple assault are met by appellant's aggravated assault conviction. **See Commonwealth v. Brown**, 605 A.2d 429, 432 (Pa.Super. 1992).

wood. Based on Officer Tomon's testimony, when taken in the light most favorable to the Commonwealth, we find that the Commonwealth has produced evidence sufficient to warrant a conviction for possession of an instrument of crime, and therefore, appellant's sufficiency of the evidence claim is without merit.

Finally, appellant's third issue raised for our review is whether appellant's counsel at trial provided ineffective assistance.[6] It is a general rule that claims of ineffective assistance of counsel are inappropriate for direct appeal, and should be brought on collateral review pursuant to the Post Conviction Relief Act.[7] *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). Therefore, we will not review the merits of appellant's ineffective assistance of counsel claims, as this is not the appropriate forum to do so.

In sum, we find this appeal to be wholly frivolous, and our independent review of the entire record has not disclosed any other potentially non-frivolous issues. Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted. Commonwealth's motion for acceptance of brief as timely filed granted.

---

[6] Appellant responded to Attorney Server's *Anders* brief by raising an additional 14 issues, all of which related to allegations of Attorney Server providing ineffective assistance at trial.

[7] 42 Pa.C.S.A. §§ 9541-9546.

J. S69023/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2016