J. S71014/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| OLIVAR GONZALEZ-IRIARTE, | : | No. 94 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, December 18, 2014,
in the Court of Common Pleas of McKean County
Criminal Division at No. CP-42-CR-0000272-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　**FILED MARCH 1, 2016**

Olivar Gonzalez-Iriarte appeals from the December 18, 2014 judgment of sentence following his conviction of aggravated assault, endangering the welfare of children, simple assault, and recklessly endangering another person ("REAP").[1]  The trial court appointed Douglas J. Garber, Esq., as appellant's counsel for both the trial and his appeal.  Attorney Garber filed a petition to withdraw on June 2, 2015, alleging that the appeal is frivolous, accompanied by an **Anders** brief.[2]  We will grant counsel's withdrawal petition and affirm appellant's judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 2702, 4304, 2701, and 2705, respectively.

[2] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

This case concerns injuries sustained by J.D., a two-year-old child.[3] On the morning of March 25, 2014, Daniel Herbert,[4] the victim's grandfather, drove Amanda Diaz-Polo, the victim's mother and appellant's girlfriend, to work.[5] (*Id.* at 35.) Herbert, suspecting that appellant may be abusing the victim, activated the recording device on his cell phone and placed his cell phone under the couch in the living room. (*Id.* at 31.) Some 30-45 minutes later, Herbert returned home and checked on the victim.[6] (*Id.* at 39.) Herbert found the victim lying in bed staring at the ceiling. (*Id.*) Herbert took the victim with him to the living room, so that Herbert could listen to the recording. (*Id.* at 37.)

After taking the victim to the couch, Herbert noticed bruising on the victim, and he noticed that the victim's eyes were rolling toward the back of his head. (*Id.*) After listening to an excerpt of the recording, which Herbert described as "somebody gasping for their life," Herbert took the victim to the emergency room at Bradford Regional Medical Center. (*Id.* at 37, 40.)

---

[3] It is common practice in this court to identify minors by their initials.

[4] Although Daniel Herbert identified himself as such at trial and at the suppression hearing, he was formerly known as Daniel Tucker. The witness claims that he "divested" the name "Tucker." (Notes of testimony, 11/18/14 at 48.)

[5] Appellant is not the victim's father.

[6] Herbert moved in with Diaz-Polo, her two children, and appellant in early March 2014. (*Id.* at 27-28.)

Appellant and the victim's four-year-old sister accompanied Herbert and the victim to the emergency room. (*Id.*)

McKean County Children and Youth Services ("CYS") was called to the hospital for a possible case of child abuse. (*Id.* at 63.) Amanda Crowe of CYS responded to the call, and photographed bruises on the victim's head, back, feet, neck, chin, legs, face, and stomach. (*Id.* at 64-66.) The victim was diagnosed with blunt force trauma to the abdomen and a concussion. (*Id.* at 83.) It was also determined that the victim sustained a broken foot that was starting to heal. (*Id.*)

The Bradford Police arrested appellant and charged him with aggravated assault, simple assault, endangering the welfare of children, and REAP. Appellant filed a motion to suppress the recording made by Herbert, which the trial court denied on August 8, 2014. A trial by jury was held on November 18, 2014, and the jury convicted appellant on all counts. The trial court sentenced appellant on December 18, 2014, to an aggregate sentence of no less than 50 months' imprisonment and no more than 156 months' imprisonment, with credit for time served.

On January 12, 2015, appellant filed a notice of appeal. The trial court ordered appellant to produce a concise statement of errors complained of on appeal on January 23, 2015, pursuant to Pa.R.A.P. 1925(b). On April 24, 2015, Attorney Garber notified the trial court of his intention to file an

***Anders*** brief.  Attorney Garber filed his petition to withdraw and ***Anders***

brief with this court on June 2, 2015.

> A request by appointed counsel to withdraw pursuant to ***Anders*** and ***Santiago*** gives rise to certain requirements and obligations, for both appointed counsel and this Court. ***Commonwealth v. Flowers***, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
>>
>>> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>>>
>>> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed ***pro se*** or raise additional

- 4 -

points worthy of the Court's attention.

***Woods***, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an ***Anders*** brief:

> The ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

***Id.*** at 1248.  If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Id.*** at 1248.  In so doing, we review not only the issues identified by appointed counsel in the ***Anders*** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked

the existence of potentially non-frivolous issues."
*Id.*

***Commonwealth v. Hankerson***, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Garber's application to withdraw, supporting documentation, and ***Anders*** brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant; advised him of his right to retain new counsel, proceed ***pro se***, or raise any additional points that he deems worthy of this court's attention; and attached to the ***Anders*** petition a copy of the letter sent to appellant as required under ***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa.Super. 2005) (citation omitted). ***See Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in ***Santiago*** set forth the new requirements for an ***Anders*** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in ***Millisock*** that remain binding legal precedent."). As Attorney Garber has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5. Thus, we now turn to the merits of appellant's appeal.

Appellant's sole issue on appeal is whether the Commonwealth presented sufficient evidence to warrant convictions for aggravated assault, endangering the welfare of children, simple assault, and REAP.

> In reviewing the sufficiency of the evidence, we view all evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the fact-finder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to a crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."
>
> Moreover, when reviewing the sufficiency of the evidence, the Court may not substitute its judgment for that of the fact finder; if the record contains support for the convictions, they may not be disturbed.

*Commonwealth v. Stokes*, 78 A.3d 644, 649 (Pa.Super. 2013) (citations omitted).

> Moreover, when applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa.Super. 2011) (citations omitted); *appeal dismissed*, 54 A.3d 22 (Pa. 2012).

We first review appellant's aggravated assault conviction. The statute defines aggravated assault as when a person "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to a child less than six years of age, by a person 18 years of age or older." 18 Pa.C.S.A. § 2702(a)(8).

The Commonwealth introduced photographic evidence of the victim's injuries taken by Amanda Crowe, a CYS employee. (Notes of testimony, 11/18/14 at 63.) Crowe took the photographs as part of her response to a report of possible child abuse. (*Id.*) According to Crowe's testimony, the photographs depicted bruising on the victim's head, back, feet, neck, chin, legs, face, and stomach. (*Id.* at 64-66.) The jury also heard testimony from Diaz-Polo and Herbert indicating that when Diaz-Polo and Herbert left the house on the morning of March 25, 2014, the victim did not have any visible injuries. (*Id.* at 11; 34.) Both Diaz-Polo and Herbert testified that, upon leaving the house, appellant was the only adult in the house with the victim and the victim's four-year-old sister. The Commonwealth also played Herbert's tape recording of appellant's interaction with the victim. Herbert described the sounds heard on the tape as "more than cries. It sounded like somebody gasping for their life." (*Id.* at 37.) Through the testimony of Crowe, Diaz-Polo, and Herbert, the Commonwealth sufficiently proved beyond a reasonable doubt that appellant caused bodily injury to the victim. Due to the fact that appellant was over 18 years of age and the victim was

two years old at the time of the assault, the Commonwealth presented sufficient evidence to warrant a conviction of aggravated assault.

We next review the sufficiency of the evidence of appellant's conviction of endangering the welfare of children. Endangering the welfare of children is defined as, "[a] parent, guardian, or other person supervising the welfare of a child under 18 years of age . . . commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection, or support." 18 Pa.C.S.A. § 4304(a)(1). This court established a three-part test for determining whether the elements of endangering the welfare of children have been met:

> (1) the accused was aware of his duty to protect the child; (2) the accused was aware that the child was in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

*Commonwealth v. Bryant*, 57 A.3d 191, 197 (Pa.Super. 2012) (citations omitted).

In the instant case, the Commonwealth proved all three elements of endangering the welfare of children beyond a reasonable doubt. The record indicates that appellant was the only adult present in the home at the time the victim was assaulted and appellant was aware of this fact. The record further indicates that appellant violated his duty to the victim when appellant assaulted the victim, thereby placing the victim in circumstances that could

endanger his physical and psychological wellbeing. ***See id.*** at 199. Therefore, the Commonwealth has sufficiently proven, beyond a reasonable doubt, the elements required to warrant a conviction of endangering the welfare of children.

A review of the Commonwealth's evidence for simple assault and REAP is not necessary, as both offenses are lesser-included offenses of aggravated assault. ***Commonwealth v. Brown***, 605 A.2d 429, 432 (Pa.Super. 1992) (finding that the elements of simple assault are met with a conviction for aggravated assault); ***Commonwealth v. Smith***, 956 A.2d 1029, 1036 (Pa.Super. 2008) (***en banc***), ***appeal denied***, 989 A.2d 917 (Pa. 2010) ("Reckless endangerment is a lesser included offense of aggravated assault and where the evidence is sufficient to support a claim of aggravated assault it is also sufficient to support a claim of recklessly endangering another person."), quoting ***Commonwealth v. Thompson***, 739 A.2d 1023, 1028 n.13 (Pa. 1999), ***cert. denied***, 531 U.S. 829 (2000).

In sum, we find this appeal to be wholly frivolous, and our independent review of the record has not disclosed any other potentially non-frivolous issues. Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

J. S71014/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/1/2016