J-S04011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NYDESHA BROWN | : | |
| | : | |
| Appellant | : | No. 1452 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 26, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0007622-2019

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 29, 2023**

Nydesha Brown (Appellant) appeals from the judgment of sentence imposed after the trial court convicted her of aggravated assault, simple assault, recklessly endangering another person (REAP), and possessing an instrument of crime (PIC).[1]  We affirm.

The trial court recounted the facts presented at trial as follows:

> On the evening of September 15, 2019, Complainant Saliyma Jenkins (hereinafter [the Victim]) drove to pick up her daughter from Appellant's home on Ruby Street in West Philadelphia.  Appellant is the paternal aunt of [the Victim's] daughter.  When [the Victim] arrived at the house, [the Victim remained in her car, waiting for her daughter.]  Appellant came to [where the Victim was waiting.  Appellant was acting] "disturbed", and a confrontation began between the two.  At some point during the argument, Appellant retrieved a "car club" … an object

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 2705, and 907(a).

typically used to lock a parked car's steering wheel. [The Victim] testified that the car club was very hard and made of metal. Appellant took the car club and struck [the Victim] twice, first on her hands and then on the side of her head. Appellant repeatedly screamed at [the Victim] that she would call the police on her, while at the same time pinning [the Victim's] hand to the steering wheel. Appellant also threw bleach on [the Victim] and her daughter. The injuries [the Victim] sustained from the car club included pain and swelling in her hands and a bloody gash on the side of her head. From the bleach, she suffered red burn marks on her skin and discolored clothing.

On cross examination, Appellant's [c]ounsel sought to impeach [the Victim] by asking her to confirm she was on probation "for retail theft and assault[.]" The Commonwealth objected to the relevance of the assault conviction and the [trial] court sustained [the objection]. Appellant's [c]ounsel also attempted to ask whether [the Victim's] daughter was with her at the time of her arrest for retail theft. Again, the Commonwealth's objection was sustained.

Trial Court Opinion, 8/10/22, at 2-3 (citations to notes of testimony omitted).

The Commonwealth charged Appellant with the above crimes, and the trial court rendered its verdicts following a bench trial.[2] On April 26, 2022, the trial court sentenced Appellant to an aggregate 11½ - 23 months of house arrest, followed by 2 years of reporting probation. Appellant timely appealed.[3]

Appellant presents two issues for review:

1.    Whether the trial court erred in not granting [Appellant's] [m]otion for [j]udgment of [a]cquittal, where the evidence was insufficient to prove the crimes charged?

---

[2] The trial court also convicted Appellant, at docket CP-51-CR-0007623-2019, of committing the same crimes against the Victim's minor daughter. Appellant did not appeal those convictions.

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

- 2 -

2.    Whether the [trial] court erred in ruling that the defense could not introduce evidence regarding the circumstances of the prior convictions of [the Victim] for making false reports and for retail theft?

Appellant's Brief at 7.

Appellant first challenges the denial of her motion for judgment of acquittal. At trial, defense counsel orally moved for judgment of acquittal "on all charges." N.T., 2/15/22, at 134. The trial court heard argument before concluding, "I feel there is sufficient evidence as a factfinder to consider in this case. A motion for judgment of acquittal is denied." *Id.* at 140.

A motion for judgment of acquittal "challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." *Commonwealth v. Hutchinson*, 947 A.2d 800, 805 (Pa. Super. 2008). Thus, we view

> all the evidence admitted at trial in the light most favorable to the verdict winner, [and determine whether] there [wa]s sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. ... Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Smith***, 206 A.3d 551, 557 (Pa. Super. 2019) (citations omitted).

However, to "preserve a sufficiency claim, the Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient." ***Commonwealth v. Widger***, 237 A.3d 1151, 1156 (Pa. Super. 2020). If the appellant does not specify such elements, the sufficiency claim is deemed waived. ***Commonwealth v. Roche***, 153 A.3d 1063, 1072 (Pa. Super. 2017).

Here, Appellant presented a general, boilerplate claim, and failed to specify the element or elements for which the evidence was allegedly insufficient. ***See*** Statement of Matters Complained of on Appeal, 6/15/22, at 2 (unnumbered) (stating, "Did the trial court err in not granting [Appellant's] [m]otion for [j]udgment of [a]cquittal, where the evidence presented was insufficient to prove the crimes charged?"). Consequently, Appellant did not preserve this issue. ***Roche***, 153 A.3d at 1072.

Even if Appellant properly preserved, we would conclude the issue lacks merit. A person commits aggravated assault if she "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1). An individual commits simple assault if she "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). "Bodily injury"

is defined as "[i]mpairment of physical condition or substantial pain."  18 Pa.C.S.A. § 2301.

Regarding REAP, an individual "commits a misdemeanor of the second degree if [s]he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury."  18 Pa.C.S.A. § 2705.  REAP "requires the creation of danger, so the Commonwealth must prove the existence of an actual present ability to inflict harm to another."  *Commonwealth v. Shaw*, 203 A.3d 281, 284 (Pa. Super. 2019).

To prove PIC, the Commonwealth must show the defendant "possesses any instrument of crime with intent to employ it criminally."  18 Pa.C.S.A. § 907(a).  The statute defines an instrument of crime as "[a]nything specially made or specially adapted for criminal use," or "used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have."  18 Pa.C.S.A. § 907(d).

Here, the trial court explained

there was sufficient evidence to conclude that Appellant attempted to cause serious bodily injury to [the Victim.]  Appellant used two dangerous items against [the Victim]: she struck [the Victim] in the hands and in the head with a metal car club and threw bleach at her upper body.  N.T., 2/15/22, at 20, 54.  The evidence revealed that Appellant's striking [the Victim] with a metal object caused a gash to the side of her face and left blood streaming down her ears and neck.  *Id.* at 24.  It also caused pain and swelling in her hands.  *Id.* at 27.  The bleach thrown by Appellant left red burn marks on [the Victim's] skin and discolored her clothes.  *Id.* at 25.  These injuries are not insignificant; being smashed in the head with a blunt metal object or having one's face exposed to a chemical like bleach, could cause permanent impairment of the use of vital bodily organs like the brain and

eyes. But crucially, even if the bodily injuries [the Victim] sustained are not deemed to be "serious" as defined under § 2301, the [c]ourt found that Appellant attempted to cause a more severe injury, as shown by her decision to weaponize the car club and bleach and disregard the common-sense risks associated with their use.

… Simple assault is a lesser included offense of aggravated assault. Therefore, evidence that proves [a]ggravated [a]ssault is sufficient to prove [s]imple [a]ssault as well. ***Commonwealth v. Brown***, 605 A.2d 429, 432 (Pa. Super. 1992). … [The Victim] suffered a gash to her face, pain and swelling in her hands, and red marks on her skin from her altercation with Appellant. There was sufficient evidence to convict Appellant of the greater offense of [a]ggravated [a]ssault. Clearly, her sufficiency claim regarding the lesser included [s]imple [a]ssault charge is without merit.

\* \* \*

[Further, t]here was in fact sufficient evidence to find Appellant guilty of [PIC]. [The Victim] testified that Appellant wielded a car club: "Once I sat down in the car, that's when [Appellant] strikes me in my head with the car club." N.T., 2/15/22, at 20. [The Victim] also stated that Appellant "threw bleach" at her and her daughter during the same altercation. ***Id.*** at 54. [The Victim] verified that photographs of the car club and the bleach were fair and accurate depictions of the items used on the day of the incident. ***Id.*** at 22. [The Victim's] testimony confirms Appellant employed the car club and the bleach in a manner contrary to their appropriate uses. This was indeed sufficient evidence for the [c]ourt to find Appellant guilty of [PIC].

\* \* \*

[Regarding REAP, at] the outset of their argument, Appellant, knowing the car club was hard and made of metal, intentionally swung this object at [the Victim] and connected with her hand and head. ***Id.*** at 17. Appellant also threw bleach towards the facial area of [the Victim]. ***Id.*** at 25-26, 30. Appellant pinned [the Victim's] hand to the steering wheel while shouting at her, thus preventing her from retreating. ***Id.*** at 28. Appellant's actions not only demonstrated an intent and purpose to harm [the Victim], but a malicious and callous disregard for her life and safety. ...

Based upon the foregoing, there was more than sufficient evidence for a factfinder to consider regarding the relevant charges in this matter. Further, the crux of this evidence rests on a determination of the witness's credibility. The Superior Court mandates "credibility determinations are made by the fact finder and that challenges thereto go to the weight, and not the sufficiency, of the evidence." [**Commonwealth v.**] **Stahl**, [175 A.3d 301,] 306 [(Pa. Super. 2017)]. Under either argument, Appellant's [m]otion for [j]udgment of [a]cquittal was rightfully denied on each charge.

Trial Court Opinion, 8/10/22, at 5-7.

The record supports the trial court's analysis. Thus, even if preserved, Appellant's first issue would not merit relief.

In her second issue, Appellant contends the trial court erred by excluding evidence "regarding the circumstances of the prior convictions of [the Victim]." Appellant's Brief at 31. Appellant's argument is premised on the Victim's testimony in response to the following cross-examination by defense counsel:

Q. When [the Commonwealth] was asking you about what you're on probation for: You're on probation today for lying to authorities in Delaware County, correct?

A. Yes.

Q. For retail theft and assault, correct?

[THE COMMONWEALTH]: Objection to the question, Your Honor. **The assault is not relevant**.

The probation –

THE COURT: Sustained. Stricken.

Q. It's all the same incident, correct?

THE COURT: It's stricken. She's on probation –

Q. **For retail theft and for lying. Giving false information to authorities, correct**?

[THE COMMONWEALTH]: **Asked and answered**.

[DEFENSE COUNSEL]: I'm just trying to clear up what was stricken and what's not, that's all.

Q. **Is that a yes**?

A. **Yes**.

Q. **And you received two year[s'] probation for that, correct**?

A. **Yes**.

Q. **And that was after this incident, correct, when you were arrested, correct**?

A. **Yes**.

Q. And [your daughter] was with you at that time, too, correct?

[THE COMMONWEALTH]: Objection to relevance.

THE COURT: Sustained.

[THE COMMMONWEALTH]: Move to strike.

THE COURT: Stricken.

N.T., 2/15/22, at 79-80 (emphasis added).

Appellant claims "the trial court struck the entire impeachment testimony of [the Victim]. The stricken impeachment testimony confirmed [the Victim's testimony] was completely incredible, and therefore, the trial

court's evidentiary ruling was in error." Appellant's Brief at 32. We are not persuaded by Appellant's argument.

> Our standard of review regarding the admissibility of evidence is an abuse of discretion. The admissibility of evidence is a matter addressed to the sound discretion of the trial court and ... an appellate court may only reverse upon a showing that the trial court abused its discretion. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law.

*Commonwealth v. Collins*, 70 A.3d 1245, 1251–52 (Pa. Super. 2013) (citations omitted).

> With respect to a witness's criminal history, this Court has explained:

> Pursuant to Pennsylvania Rule of Evidence 609, **evidence that a witness has been convicted of a crime involving dishonesty or false statement must be admitted** if the conviction or release from confinement occurred within the last ten years. When a defendant is impeached through introduction of prior convictions, the witness's opponent **may only introduce the name, time, and place of the crime and the punishment received. We have applied this limitation to all witnesses, not merely to defendants**, and we employ this limitation to minimize the potential prejudice and distraction of issues already inherent in the mention of prior offenses.

> In prior cases, we have precluded a party seeking to impeach a witness from using the facts underlying a prior conviction, in circumstances where such facts would increase the risk of prejudice to a party or confusion of the issues.

*Commonwealth v. Creary*, 201 A.3d 749, 754 (Pa. Super. 2018) (citations omitted, emphasis added).

Contrary to Appellant's assertions, the trial court did not strike the Victim's "entire impeachment testimony[.]" Appellant's Brief at 32. The trial

court admitted evidence that the Victim had been convicted in Delaware County of retail theft and lying to authorities, "after [the 2019] incident" involving Appellant; the court also admitted evidence that as a result of the conviction, the Victim "received two years['] probation." N.T., 2/15/22, at 79-80. Consistent with **Creary**, **supra**, the trial court properly limited the evidence (striking testimony about the Victim's assault conviction and the underlying circumstances of the convictions). **See id.** Therefore, Appellant's second issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2023