J-S54039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE MANUEL FEBRES | : | |
| | : | |
| Appellant | : | No. 601 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 22, 2019
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000164-2018

BEFORE: BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED FEBRUARY 26, 2020**

Appellant, Jose Manuel Febres, appeals from the Judgment of Sentence entered in the Mifflin County Court of Common Pleas following his conviction for Criminal Attempt-Criminal Homicide, Aggravated Assault, Aggravated Assault with a Deadly Weapon, Terroristic Threats, two counts Recklessly Endangering Another Person ("REAP"), and Simple Assault.[1] With this appeal, Appellant's counsel has filed a Petition to Withdraw as Counsel and an *Anders*[2] brief. After careful review, we affirm the Judgment of Sentence and grant counsel's Petition to Withdraw.

We glean the following facts from the certified record. The Victim had an on-and-off-again relationship with Appellant. Appellant had threatened the

_____

[1] 18 Pa.C.S. §§ 901(a), 2501, 2702(a)(1), 2702(a)(4), 2706(a)(1), 2705, and 2701(a)(1), respectively.

[2] *Anders v. California*, 386 U.S. 738 (1967).

Victim in the past, informing her that if he ever saw her with another man, he would beat her and the other man.

In February 2018, the Victim lived with her then-3 year old son, Tresa Walker, and Dwayne Jones. On February 25, 2018, the Victim spent the day with a male friend. Her male friend dropped her off at her house around 3:00 PM; Appellant and Mr. Jones were on the porch when the Victim returned home.

Later that day, around 5:00 PM, Mr. Jones prepared dinner in the kitchen while Appellant, Ms. Walker, and the Victim and her son sat in the living room. The Victim was sitting in a chair and began chatting with a male friend on her cellphone. Appellant then approached the Victim, stood over her, and instructed her to turn off her phone. The Victim turned off her phone and told Appellant "don't put your hands on me." N.T. Trial, 1/15/19, at 37. Appellant began punching the Victim and then stabbed the Victim with a kitchen knife. Ms. Walker screamed that Appellant was hitting and stabbing the Victim, and Mr. Jones ran into the living room to intervene. A struggled ensued, in which Mr. Jones threw Appellant into a television. However, Appellant got up and stabbed the Victim, yelling "bitch, I'm gonna kill you." *Id.* at 42. Mr. Jones then grabbed Appellant and pushed him out the door. However, Appellant re-entered the house and again stabbed the Victim. Mr. Jones then threw Appellant on the porch and locked the door.

The Victim sustained injuries to her cheek, nasal bridge, chest, left shoulder, and hands. After Ms. Walker called 911, the Victim was transported

to the Lewisburg Hospital. Due to the severity of her injuries, a helicopter transported the Victim to the Altoona Trauma Emergency Room, where medical staff used surgical staples and sutures to treat her lacerations.

Appellant was arrested and charged with the above crimes. A two-day jury trial commenced on January 15, 2019, in which the Commonwealth presented testimony from the Victim, Mr. Jones, Ms. Walker, and Megan Morris, an expert witness physician assistant who treated the Victim.

On January 16, 2019, Appellant was convicted of the above crimes. The court ordered a pre-sentence investigation ("PSI") report, and subsequently, on March 22, 2019, sentenced Appellant to an aggregate term of 21 to 42 years of imprisonment.[3] Appellant did not file a post-sentence motion.

Appellant timely filed a Notice of Appeal. Thereafter, counsel filed a Statement of Intent to File an *Anders* Brief. *See* Pa.R.A.P. 1925(c)(4). Accordingly, the trial court did not file a Rule 1925(a) Opinion.

Appellant's counsel filed two *Anders* Briefs and a Petition to Withdraw as Counsel with this Court. However, following this Court's review of counsel's *Anders* briefs, we concluded that counsel failed to comply with *Anders* and denied counsel's Petition to Withdraw. *Commonwealth v. Febres*, No. 601 MDA 2019, unpublished memorandum (Pa. Super. filed Nov. 31, 2019). We

---

[3] For sentencing purposes, the trial court merged one count REAP, Aggravated Assault, Aggravated Assault with a Deadly Weapon, Terroristic Threats, and Simple Assault convictions with the Criminal Attempt-Criminal Homicide conviction.

instructed counsel to file either a compliant **Anders** brief or an advocate's brief, and afforded the Commonwealth and Appellant 14 days to respond.

Appellant's counsel filed an Amended **Anders** Brief challenging the sufficiency of evidence and Appellant's sentence, and raising a claim of newly discovered evidence. Amended **Anders** Br. at 4-9 (unpaginated). The Commonwealth and Appellant have not filed a response.

As a preliminary matter, we address counsel's request to withdraw as counsel. "When presented with an **Anders** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet the following requirements:

(1)   provide a summary of the procedural history and facts, with citations to the record;

(2)   refer to anything in the record that counsel believes arguably supports the appeal;

(3)   set forth counsel's conclusion that the appeal is frivolous; and

(4)   state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that he sent Appellant a copy of the **Anders** Brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will first address the substantive issues raised in the **Anders** Brief. Subsequently, we must "make a full examination of the proceedings and make an independent judgment as to whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5 (citation omitted). **See also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting **Anders** requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

Issue 1: Sufficiency of the Evidence

In his first issue, Appellant challenges the sufficiency of evidence supporting all seven of his convictions—one count of Criminal Attempt-Criminal Homicide, Aggravated Assault, Aggravated Assault with a Deadly Weapon, Terroristic Threats, and Simple Assault, and two counts of REAP. **See** Amended **Anders** Br. at 4-7 (unpaginated).

"A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). "[O]ur standard

of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Hutchinson***, 164 A.3d 494, 497 (Pa. Super. 2017) (citation omitted). In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." ***Commonwealth v. May***, 887 A.2d 750, 753 (Pa. 2005). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

Criminal Attempt-Criminal Homicide, Aggravated Assault, Simple Assault

Pursuant to the Crimes Code, "[a] person commits attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901. Further, "[a] person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being." 18 Pa.C.S. § 2501. "The use of a deadly weapon on a vital part of the human body is sufficient to establish the specific intent to kill." ***Commonwealth v. Randolph***, 873 A.2d 1277, 1281 (Pa. 2005). The

chest is considered a vital part of the body. ***Commonwealth v. Hanible***, 836 A.2d 36, 39 (Pa. 2003). Thus, with respect to the Criminal Attempt-Criminal Homicide charge, the Commonwealth was required to present evidence to show that Appellant committed a substantial step toward intentionally causing the death of another human being. 18 Pa.C.S. §§ 901, 2501

A person is guilty of Aggravated Assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a).

A person is guilty of Simple Assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1).

"Deadly weapon" is defined as "any . . . device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." 18 Pa.C.S. § 2301. "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." ***Id.*** Additionally, "bodily injury" constitutes "[i]mpairment of physical condition or substantial pain." ***Id.***

Aggravated Assault and Simple Assault are lesser-included offenses of Criminal Attempt-Criminal Homicide when premised on the same

act. ***Commonwealth v. Hilliard***, 172 A.3d 5, 13 (Pa. Super. 2017); ***see Commonwealth v. Brown***, 605 A.2d 429, 432 (Pa. Super. 1992) (finding that the elements of simple assault are met by a conviction for aggravated assault). Thus, evidence sufficient to prove Criminal Attempt-Criminal Homicide is also sufficient to prove Aggravated Assault and Simple Assault. ***See Hilliard***, 172 A.3d at 13; ***Brown***, 605 A.2d at 432.

The Commonwealth presented evidence sufficient to establish every element of Criminal Attempt-Criminal Homicide. The Victim testified that on February 25, 2018, Appellant stabbed her multiple times with a four-to-five inch long kitchen knife in the face, chest, left shoulder, and hands while yelling "bitch, I'm gonna kill you." N.T. Trial at 42, 50. She testified that she was bleeding heavily from her wounds and was admitted to Altoona Hospital to treat her injuries. ***Id.*** at 43. She indicated that she had scars on her chest, shoulder, face, and hands from the attack. ***Id.*** at 47-49. Ms. Morris testified that she assisted in treating the Victim's face, chest, shoulder, and hand wounds at Altoona Hospital with surgical staples and sutures. ***Id.*** at 139. She opined that the Victim's chest wound was approximately 3 to 4 centimeters long and her facial laceration was approximately 7 centimeters long. ***Id.*** at 139-40.

The evidence elicited at trial, when viewed in the light most favorable to the Commonwealth demonstrates that Appellant stabbed the Victim in her chest, a vital part of her body, with a knife while threatening to kill her.

Additionally, the attack caused the Victim serious bodily injury—lacerations requiring the need for surgical sutures and staples and resulting in scarring. Thus, the Commonwealth presented evidence to show that Appellant committed a substantial step toward intentionally causing the death of another human being. The evidence was, therefore, sufficient to sustain Appellant's convictions for Criminal Attempt-Criminal Homicide. Accordingly, the evidence was also sufficient to prove Aggravated Assault and Simple Assault. **See** **_Hilliard_**, 172 A.3d at 13; **_Brown_**, 605 A.2d at 432. Appellant's challenges to these convictions, therefore, have no merit.

Aggravated Assault with a Deadly Weapon

A person is guilty of Aggravated Assault with a Deadly Weapon if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]" 18 Pa.C.S. § 2702(a)(4).[4]

The Commonwealth presented evidence sufficient to establish each element of Aggravated Assault with a Deadly Weapon. As discussed above, the Victim testified that on February 25, 2018, Appellant stabbed her multiple times with a kitchen knife in the face, chest, left shoulder, and hands while

---

[4] Aggravated Assault under 18 Pa.C.S. § 2702(a)(4) is not a lesser-included offense of Criminal Attempt-Criminal Homicide because Subsection (a)(4) requires the Commonwealth to demonstrate the use of a deadly weapon, whereas the elements of Criminal Attempt-Criminal Homicide do not. **See** 18 Pa.C.S. §§ 901(a), 2502(a). ). Here, however, the Commonwealth proved Criminal Attempt-Criminal Homicide by demonstrating Appellant used a deadly weapon on a vital part of the Victim's body. **See _Randolph_**, 873 A.2d at 1281.

threatening to kill her. N.T. Trial at 38-39, 42, 50. She explained that she was bleeding heavily from her stab wounds, which required treatment with staples and sutures. *Id.* at 44. She testified that as a result of the attack, she suffers from damaged nerves, pain, and limited use of her hand. *Id.* at 44-45.

The evidence elicited at trial, when viewed in the light most favorable to the Commonwealth demonstrates that Appellant intentionally caused bodily injury to the Victim with a deadly weapon. Accordingly, the evidence was sufficient to Aggravated Assault with a Deadly Weapon and Appellant's challenge to this conviction is meritless.

Terroristic Threats

A person commits the crime of Terroristic Threats "if the person communicates, either directly or indirectly, a threat to [ ] commit any crime of violence with intent to terrorize another. . . . " 18 Pa.C.S. § 2706(a)(1). To convict a defendant of Terroristic Threats, "the Commonwealth must prove that 1) the defendant made a threat to commit a crime of violence, and 2) the threat was communicated with the intent to terrorize another or with reckless disregard for the risk of causing terror." *Commonwealth v. Beasley*, 138 A.3d 39, 46 (Pa. Super. 2016) (citations omitted).

The Official Comment to Section 2706 explains that "[t[he purpose of th[is] section is to impose criminal liability on persons who make threats which seriously impair personal security. . . . It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger." 18

Pa.C.S. § 2706 cmt. This Court has held that "being angry does not render a person incapable of forming the intent to terrorize. *In re J.H.*, 797 A.2d 260, 263 (Pa. Super. 2002)(citation omitted). Rather, "this Court must consider the totality of the circumstances to determine whether the threat was a result of a heated verbal exchange or confrontation." *Id.*

The Commonwealth presented evidence sufficient to establish each element of Terroristic Threats. The Victim testified that on February 25, 2018, Appellant punched her and then stabbed her multiple times with a kitchen knife in the face, chest, left shoulder, and hands while threatening to kill her. N.T. Trial at 38-39, 42, 50.

The evidence elicited at trial, when viewed in the light most favorable to the Commonwealth, demonstrates that Appellant made a threat to commit a crime of violence with the intent to terrorize the Victim and did, in fact, attempt to commit the crime of violence he threatened to commit. Accordingly, the evidence was sufficient to establish Terroristic Threats and Appellant's challenge to this conviction is meritless.

REAP

Appellant was convicted of two counts of REAP, one for recklessly endangering the Victim's three-year old child and one for recklessly endangering Ms. Walker.

"A person commits [REAP] if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily

injury." 18 Pa.C.S. § 2705. REAP "is a crime directed against reckless conduct entailing a serious risk to life or limb out of proportion to any utility the conduct might have." **Commonwealth v. Vogelsong**, 90 A.3d 717, 719 (Pa. Super. 2014) (citation omitted). "A person acts in a reckless manner when he consciously disregards a substantial and unjustifiable risk." **Id.** (citing 18 Pa.C.S. § 302(b)(3)).

The Commonwealth presented evidence sufficient to establish REAP. The Victim testified that when Appellant stabbed her on February 25, 2018, she was sitting on a chair next to her three-year old son and Ms. Walker, who were both sitting on a loveseat. N.T. Trial at 57. The Victim recalled that when Appellant was attacking her, she told Ms. Walker to grab her son and get out of the living room. **Id.** at 66. Mr. Jones testified that the Victim, her son, and Ms. Walker were in the living room during the attack, and he was concerned for the Victim's son when he realized Appellant was stabbing the Victim "because [her son] was right there." **Id.** 76-77.

The evidence, viewed in a light most favorable to the Commonwealth established that Appellant recklessly engaged in conduct—stabbing the Victim in close proximity to her three-year old child and Ms. Walker, which placed them in danger of death or serious bodily injury. Accordingly, the evidence was sufficient to establish both REAP counts, and Appellant's challenge to these convictions is meritless.

Issue 2: Sentencing

In his second issue, Appellant challenges the discretionary aspects of his sentence, asserting that his sentence is "manifestly unreasonable" and "unduly harsh." Amended **Anders** Br. at 8 (unpaginated).

A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant must invoke this Court's jurisdiction by, *inter alia*, preserving a challenge at sentencing or in a post-sentence motion. **Id.** "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013).

Here, Appellant did not preserve this challenge at his sentencing hearing or thereafter in a Post-Sentence Motion. Accordingly, he has waived any challenge to discretionary aspects of his sentence.

When an appellant fails to raise an issue before the trial court and has, thus, waived the issue on direct appeal, the courts consider that issue "frivolous" for purposes of an **Anders** analysis. **Commonwealth v. Tukhi**, 149 A.3d 881, 888-89 (Pa. Super. 2016); **Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008). Accordingly, we agree with counsel that Appellant's discretionary aspects of sentencing challenge raised in counsel's **Anders** Brief is frivolous.

Issue 3: Newly Discovered Evidence

In his third issue, Appellant purports to raise a claim of newly discovered evidence. Amended *Anders* Br. at 8 (unpaginated). Appellant asserts that after trial, his grandmother informed him that the Victim had been fired from her job as a sales person, which contradicted her testimony that she had quit her job. *Id.* Therefore, he contends that this evidence would compel a different verdict. *Id.* at 9.

A claim of newly discovered evidence may be raised for the first time on appeal. *Commonwealth v. Rivera*, 939 A.2d 355, 358 (Pa. Super. 2007). To warrant relief, newly discovered evidence must: (1) not have been obtained before the conclusion of the trial by reasonable diligence; (2) not be merely corroborative or cumulative; (3) not be used solely for purposes of impeachment; and (4) be of such a nature and character that a different outcome is likely. *Id.* at 359.

In his *Anders* Brief, counsel fails to set forth the newly discovered evidence four-prong test. *See* Amended *Anders* Br. at 8-9 (unpaginated). Nevertheless, counsel acknowledges that new evidence used only for the purpose to impeach credibility does not warrant relief as newly discovered evidence. *Id.* at 9.

We agree that Appellant's claim does not warrant relief because his alleged new evidence would be used solely for the purpose to impeach the

- 14 -

Victim's credibility. ***Rivera***, ***supra*** at 359. Accordingly, this claim has no merit.

Conclusion

Additionally, our independent review of the record does not reveal any non-frivolous arguments available to Appellant. Thus, we agree with counsel that this appeal is wholly frivolous. Accordingly, we grant counsel's Petition to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Counsel's Petition to Withdraw as Counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/26/2020